NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

JOHNATHAN JAMES HULSEY, *Appellant*.

No. 1 CA-CR 14-0768
FILED 7-21-2015

Appeal from the Superior Court in Navajo County
No. S0900CR201300839
The Honorable Robert J. Higgins, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Emery K. La Barge Attorney at Law, Snowflake
By Emery K. La Barge
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Jon W. Thompson joined.

**J O N E S**, Judge:

**¶1**        Johnathan Hulsey appeals his conviction and sentence for one count of unlawful flight from a law enforcement vehicle.  After searching the entire record, Hulsey's defense counsel has identified no arguable question of law that is not frivolous.  Therefore, in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), defense counsel asks this Court to search the record for fundamental error.  Hulsey was afforded the opportunity to file a supplemental brief *in propria persona*, which he elected not to do.  After reviewing the record, we find no error.  Accordingly, Hulsey's conviction and sentence are affirmed.

## FACTS[1] AND PROCEDURAL HISTORY

**¶2**        Hulsey was indicted on one count of unlawful flight from a pursuing law enforcement vehicle based on an event that occurred on November 13, 2013.  Under Arizona Revised Statutes (A.R.S.) section 28-622.01,[2] "[a] driver of a motor vehicle who willfully flees or attempts to elude a pursuing official law enforcement vehicle that is being operated in the manner described in [A.R.S.] § 28-624, subsection C is guilty of a class 5 felony."[3]  This section applies only where the vehicle is "appropriately marked to show that it is an official law enforcement vehicle."  A.R.S. § 28-622.01.

**¶3**        At trial, the State presented the following evidence: On November 13, 2013, a law enforcement officer was driving a fully marked

---

[1]        We view the facts in the light most favorable to sustaining the jury's verdict, with all reasonable inferences resolved against the defendant.  *State v. Harm*, 236 Ariz. 402, 404 n.2, ¶ 2 (App. 2015).

[2]        Absent material revisions from the relevant date, we cite a statute's current version.

[3]        A.R.S. § 28-624(C) defines a pursuing law enforcement vehicle as one in which "the driver of the vehicle while in motion sounds an audible signal by bell, siren or exhaust whistle as reasonably necessary and if the vehicle is equipped with at least one lighted lamp displaying a red or red and blue light or lens visible under normal atmospheric conditions from a distance of five hundred feet to the front of the vehicle, except that an authorized emergency vehicle operated as a police vehicle need not be equipped with or display a red or red and blue light or lens visible from in front of the vehicle."

Arizona Department of Public Safety patrol vehicle in Joseph City, Arizona "complete with blue strip[es] and stars down the side, insignia, light bar on [the] top, multiple antennas, search light on the side, [and] black rims," when he observed an individual riding a black motorcycle turn at a stop sign without coming to a complete stop. The driver looked directly at the officer while completing the turn, and the officer immediately recognized Hulsey by sight; the two had gone to high school and played football together, the officer knew Hulsey's family, and the officer had seen Hulsey around town in the past. The officer noticed Hulsey was wearing dark glasses and a black baseball cap with metal studs sticking out of it, turned backward on his head. He also noticed there was no license plate attached to the back of the motorcycle.

¶4 Based upon these observations, the officer turned to follow Hulsey and activated the lights on his patrol vehicle with the intention to initiate a traffic stop. Hulsey looked over his shoulder at the officer and accelerated away from him in a huge puff of black smoke.

¶5 The officer immediately activated his siren and followed Hulsey through a residential area with a posted speed limit of twenty-five miles per hour. Hulsey "zig-zagged" through town at approximately fifty-five to sixty-five miles per hour, failed to stop for at least two other stop signs, and almost ran into a telephone pole. When Hulsey approached a school zone, the officer deactivated his lights and sirens to "hopefully discourag[e] this hazardous and dangerous driving behavior" where children were present. Hulsey did not adjust his behavior, however, and taking advantage of the growing distance from the officer, turned off the roadway into an area where the officer was unable to travel.

¶6 Hulsey was arrested three hours later outside of his home, still wearing dark glasses and a black baseball cap with metal studs sticking out of it, turned backward on his head.

¶7 Before the case was submitted to the jury, Hulsey's counsel unsuccessfully moved for judgment of acquittal under Arizona Rule of Criminal Procedure 20 arguing the State failed to present any any physical evidence identifying Hulsey as the operator of the black motorcycle. The jury found Hulsey guilty as charged. The State proved one prior felony conviction, and Hulsey was sentenced to a presumptive term of 2.25 years' imprisonment.

## DISCUSSION

**¶8**        After reviewing the entire record for reversible error, we find none.  *See Leon*, 104 Ariz. at 300 ("An exhaustive search of the record has failed to produce any prejudicial error.").   Reasonable evidence was presented to support the jury's verdict that Hulsey was driving the black motorcycle on November 13, 2013 and knowingly fled from a pursuing law enforcement vehicle.

**¶9**        All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure.  So far as the record reveals, Hulsey was represented by counsel at all stages of the proceedings and was present at all critical stages.  The jury was properly comprised of eight jurors, and the record shows no evidence of jury misconduct.  *See* A.R.S. § 21-102(B); Ariz. R. Crim. P. 18.1(a).  At sentencing, Hulsey was given an opportunity to speak, and the trial court stated on the record the evidence and materials it considered and the factors it found in imposing sentence.  The court found the State's witness credible and properly determined it had proved Hulsey's prior felony conviction by clear and convincing evidence. Additionally, the sentence imposed was within the statutory limits.

## CONCLUSION

**¶10**        Hulsey's conviction and sentence are affirmed.   After the filing of this decision, defense counsel's obligations pertaining to Hulsey's representation in this appeal have ended.  Defense counsel need do no more than inform Hulsey of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for submission to our supreme court by petition for review.  *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).

**¶11**        Hulsey has thirty days from the date of this decision to proceed, if he wishes, with an *in propria persona* petition for review.  *See* Ariz. R. Crim. P. 31.19(a).  Upon the Court's own motion, we also grant Hulsey thirty days from the date of this decision to file an *in propria persona* motion for reconsideration.



Ruth A. Willingham · Clerk of the Court
FILED: ama