NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

EMILIO MINJAREZ, *Appellant.*

No. 1 CA-CR 14-0860
FILED 11-19-2015

Appeal from the Superior Court in Maricopa County
No.  CR2014-103339-001
The Honorable Hugh E. Hegyi, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Cory Engle
*Counsel for Appellant*

## MEMORANDUM DECISION

Presiding Judge Kenton D. Jones delivered the decision of the Court, in which Judge Samuel A. Thumma and Judge Peter B. Swann joined.

**J O N E S**, Judge:

**¶1**         Emilio Minjarez appeals his convictions and sentences for one count of possession of methamphetamine, a dangerous drug, and one count of possession of marijuana.  After searching the entire record, Minjarez's defense counsel has identified no arguable question of law that is not frivolous.  Therefore, in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), defense counsel asks this Court to search the record for fundamental error.  Minjarez was afforded the opportunity to file a supplemental brief *in propria persona*, which he elected not to do.  After reviewing the record, we find no error.  Accordingly, Minjarez's convictions and sentences are affirmed.

### FACTS[1] AND PROCEDURAL HISTORY

**¶2**         On January 20, 2014, around 9:00 p.m., an officer with the Phoenix Police Department noticed an irregularity on the license plate of the vehicle Minjarez was driving and initiated a traffic stop.  Minjarez parked and exited the vehicle and gave the officer permission to search his person.  The officer discovered a small plastic bag in Minjarez's pants pocket containing a white crystalline substance which appeared to the officer to be methamphetamine.  Minjarez was then placed in handcuffs and advised of his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436, 471 (1966).

**¶3**         Minjarez thereafter admitted he used methamphetamine earlier in the day, which would be detected in a urine sample, and paid five dollars for the bag of methamphetamine the officer found in his pocket.  Minjarez's wallet contained another small plastic bag imprinted with a picture of "an old style cartoon bong, with a fuse on it, and then a repeating

---

[1]         "We view the facts in the light most favorable to sustaining the convictions with all reasonable inferences resolved against the defendant." *State v. Harm*, 236 Ariz. 402, 404, n.2, ¶ 2 (App. 2015) (quoting *State v. Valencia*, 186 Ariz. 493, 495 (App. 1996)).

pattern of 'stay high' . . . across the front." The officer believed the bag had previously held methamphetamine based upon the white crystalline residue that remained on its interior.

**¶4**        When questioned, Minjarez admitted there was a pipe in his vehicle and gave the officer permission to retrieve it and search the vehicle. While doing so, the officer located a glass methamphetamine pipe in the cup holder nearest the center console. In an adjacent cup holder, the officer found a white plastic bag containing a green plant-like material believed to be marijuana. Minjarez told the officer the items were not his. A recording of Minjarez's conversations with the officer during the stop and following his arrest was admitted into evidence. Subsequent testing confirmed the clear plastic bag contained methamphetamine, a dangerous drug pursuant to Arizona Revised Statutes (A.R.S.) section 13-3401(6)(c)(xxxviii),[2] and the white plastic bag contained marijuana.

**¶5**        Minjarez was charged with violations of A.R.S. §§ 13-3405(A)(1), -3407(A)(1), and -3415(A), which respectively prohibit knowing possession of marijuana, knowing possession or use of a dangerous drug, and use or possession with intent to use of drug paraphernalia, and the matter proceeded to trial. At the close of the State's case, Minjarez's counsel made an unsuccessful motion for judgment of acquittal pursuant to Arizona Rule of Criminal Procedure 20.

**¶6**        Minjarez then testified in his own defense, denying knowledge of, possession of, or intent to use any of the items seized by the officer. Minjarez surmised during his testimony that his friend Humberto, to whom he had given a ride earlier in the day, must have left the marijuana and pipe in his car, although he did not see Humberto do so or have any conversations with Humberto about these items. And, the second empty bag, Minjarez explained, was also Humberto's because it was located between some bills Humberto had given him for gas.

**¶7**        Minjarez testified he had last worn the pants he was wearing at the time of the stop at least a month prior and did not know there was methamphetamine in the pocket or how it had gotten there. He explained that because he did not know what was in the bag, he had been confused by the officer's questions at the time of the stop, mistakenly believing the officer had asked about "meds," rather than "meth." Minjarez also testified he takes quite a few medications, for which he pays a five dollar copayment,

---

[2]        Absent material changes from the relevant date, we cite a statute's current version.

and was referring to that medication when the officer asked what he paid for the methamphetamine. Minjarez went on to testify that when the officer asked him if a urine sample would reflect methamphetamine use, he again misunderstood, believing he had been asked, instead, whether he would be willing to provide a urine sample, to which he said "yes." And, when the officer asked about a pipe, Minjarez mistakenly believed he was referencing a pipe wrench which Minjarez had in the back of his car.

¶8 The jury found Minjarez guilty of possession of a dangerous drug and possession of marijuana, but not guilty of possession of drug paraphernalia. Minjarez admitted one historical prior and was sentenced to a mitigated term of three years' imprisonment for possession of methamphetamine and a consecutive term of three years' probation for possession of marijuana. He was also given credit for seventy-five days of presentence incarceration. Minjarez timely appealed, and we have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

¶9 After reviewing the entire record for reversible error, we find none. *See Leon*, 104 Ariz. at 300 ("An exhaustive search of the record has failed to produce any prejudicial error."). Based upon the record, sufficient evidence was presented upon which a jury could determine beyond a reasonable doubt Minjarez knowingly possessed or used a dangerous drug and knowingly possessed marijuana.

¶10 All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, Minjarez was represented by counsel at all stages of the proceedings and was present at all critical stages. The jury was properly comprised of eight jurors, and the record shows no evidence of jury misconduct. *See* A.R.S. § 21-102(B); Ariz. R. Crim. P. 18.1(a). At sentencing, Minjarez was given an opportunity to speak, and the trial court stated on the record the evidence and materials it considered and the factors it found in imposing sentences. Additionally, the sentences imposed were within the statutory limits. *See* A.R.S. § 13-603(K), -703(B), (I).

## CONCLUSION

¶11 Minjarez's convictions and sentences are affirmed. After the filing of this decision, defense counsel's obligations pertaining to Minjarez's representation in this appeal have ended. Defense counsel need do no more than inform Minjarez of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for submission to

our supreme court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).

**¶12**         Minjarez has thirty days from the date of this decision to proceed, if he wishes, with an *in propria persona* petition for review. *See* Ariz. R. Crim. P. 31.19(a). Upon the Court's own motion, we also grant Minjarez thirty days from the date of this decision to file an *in propria persona* motion for reconsideration.



**Ruth A. Willingham** · Clerk of the Court
FILED: ama