NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

MARK STEVEN FORISTER, *Appellant.*

Nos. 1 CA-CR 15-0385; 1 CA-CR 15-0387; 1 CA-CR 15-0388
(Consolidated)

FILED 4-28-2016

Appeal from the Superior Court in Maricopa County
Nos. CR2009-120779-001 DT; CR2009-170577-001 DT; CR 2013-459534-001 DT
The Honorable Brian Kaiser, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Jeffrey L. Force
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Patricia A. Orozco joined.

---

**J O N E S**, Judge:

**¶1**       Mark Forister appeals his convictions and sentences for four counts of aggravated driving under the influence (DUI), all class four felonies, as well as the sentences imposed after his probation for prior offenses was revoked. After searching the entire record, Forister's defense counsel has identified no arguable question of law that is not frivolous. Therefore, in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), defense counsel asks this Court to search the record for fundamental error. Forister was afforded an opportunity to file a supplemental brief *in propria persona*, but declined to do so. After reviewing the record, we find no error. Accordingly, Forister's convictions and sentences are affirmed.

## FACTS[1] AND PROCEDURAL HISTORY

**¶2**       Around 1:25 a.m. on December 13, 2013, two uniformed Phoenix police officers patrolling eastbound on police motorcycles were stopped at an intersection when they observed a vehicle turn left from the designated lane into the far-right lane of the intersecting three-lane road, bypassing the two closer lanes. The officers followed the vehicle and observed as it accelerated past the speed limit and drifted into another lane. One of the officers initiated a stop of the vehicle by activating his emergency lights, but the driver did not stop until the officer also activated his siren.

**¶3**       The officers made contact with the driver who identified himself as Forister, noticed an odor of alcohol emanating from the driver's breath, and observed his eyes to be watery and bloodshot. The officers initiated a DUI investigation based upon these observations. A horizontal gaze nystagmus test indicated Forister had a blood alcohol concentration

---

[1]       "We view the facts in the light most favorable to sustaining the convictions with all reasonable inferences resolved against the defendant." *State v. Harm*, 236 Ariz. 402, 404 n.2, ¶ 2 (App. 2015) (quoting *State v. Valencia*, 186 Ariz. 493, 495 (App. 1996)).

(BAC) of at least 0.08.  A check of the status of Forister's license indicated it had been suspended and revoked.

**¶4**        Forister was arrested and transported to a DUI processing van where another officer obtained his consent for a blood draw, which was performed at 2:28 a.m.  Subsequent testing at the Phoenix Crime Lab revealed Forister's BAC was 0.166.

**¶5**        At trial, a representative from the Motor Vehicle Department testified Forister's privilege to drive in Arizona had been suspended and revoked at the time of the incident and that Forister had been notified of the actions taken against his driver's license.  She further testified Forister's motor vehicle record contained two prior DUI convictions — one for an offense committed on December 17, 2008, and one for an offense committed on February 27, 2009.

**¶6**        At the close of the State's evidence, Forister's counsel made an unsuccessful motion for judgment of acquittal pursuant to Arizona Rule of Criminal Procedure 20(a).  Forister's treating gastroenterologist then testified Forister has a history of stomach problems, including abdominal pain, diarrhea, inflammatory bowel disease, acid reflux, and symptoms of Crohn's disease.  He also testified x-rays revealed Forister had previously undergone abdominal surgery.  The doctor concluded these conditions could have affected Forister's BAC at the time of the incident.

**¶7**        Forister also testified on his own behalf, stating that he made a wide left turn on the night in question because he was going to enter the freeway on the right side of the road ahead.  He denied exceeding the speed limit and claimed his vehicle always swayed back and forth because it was outfitted for off-road travel.  He admitted he consumed alcohol at a fundraiser earlier in the evening.  Forister also admitted two prior felony DUI convictions and knowing his license was either suspended or revoked.

**¶8**        The jury found Forister guilty as charged and the aggravating circumstances — that Forister was on probation at the time of the offense and had two prior felony convictions — proven. The trial court sentenced Forister as a non-dangerous, repetitive offender to concurrent presumptive terms of imprisonment of ten years for each count of aggravated DUI.  The court revoked Forister's probation on the prior offenses and sentenced him to presumptive terms of 2.5 years, to run concurrently with each other and consecutive to the DUI sentences.  The court also gave Forister credit for ninety-three days of presentence incarceration.   Forister timely appealed,

and we have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1),[2] 13-4031, and -4033(A)(1).

## DISCUSSION

**¶9**         Our review reveals no fundamental error. *See Leon*, 104 Ariz. at 300 ("An exhaustive search of the record has failed to produce any prejudicial error."). A person is guilty of aggravated DUI if the person "while under the influence of intoxicating liquor or drugs . . . [c]ommits a violation of [A.R.S. §§] 28-1381, 28-1382 or [28-1383] while the person's driver license or privilege to drive is suspended, canceled, revoked or refused . . . as a result of [a prior DUI]." A.R.S. § 28-1383(A)(1). A person is also guilty of aggravated DUI if, "[w]ithin a period of eighty-four months [he] commits a third or subsequent violation of [A.R.S. §§] 28-1381, 28-1382 or [28-1383]." A.R.S. § 28-1383(A)(2). Based upon the record, sufficient evidence was presented upon which a jury could determine beyond a reasonable doubt Forister was guilty of the charged DUI offenses.

**¶10**        All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. Forister was represented by counsel at all stages of the proceedings and was present at all critical stages except for one morning of one day of trial, for which his presence was voluntarily waived. The jury was properly comprised of eight jurors, and the record shows no evidence of jury misconduct. *See* A.R.S. § 21-102(B); Ariz. R. Crim. P. 18.1(a). At sentencing, Forister was given an opportunity to speak, and the trial court stated on the record the evidence and materials it considered and the factors it found in imposing sentences. *See* Ariz. R. Crim. P. 26.9, 26.10. Additionally, the sentences imposed were within the statutory limits. *See* A.R.S. §§ 13-703(C), (J), -708(C).

## CONCLUSION

**¶11**        Forister's convictions and sentences are affirmed. Defense counsel's obligations pertaining to Forister's representation in this appeal have ended. Defense counsel need do no more than inform Forister of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for submission to our supreme court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).

---

[2]      Absent material changes from the relevant date, we cite a statute's current version.

**¶12** Forister has thirty days from the date of this decision to proceed, if he wishes, with an *in propria persona* petition for review. *See* Ariz. R. Crim. P. 31.19(a). Upon the Court's own motion, we also grant Forister thirty days from the date of this decision to file an *in propria persona* motion for reconsideration.



Ruth A. Willingham · Clerk of the Court
FILED: ama