IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

BRIAN LEE HARM, *Appellant.*

No. 1 CA-CR 13-0737

FILED 1-13-2015

Appeal from the Superior Court in Maricopa County
No.  CR2012-140832-001
The Honorable Bruce R. Cohen, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Craig W. Soland
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Carlos Daniel Carrion
*Counsel for Appellant*

**OPINION**

Judge Kenton D. Jones delivered the Opinion of the Court, in which
Presiding Judge Peter B. Swann and Judge Michael J. Brown joined.

**J O N E S**, Judge:

**¶1**        Defendant Brian Harm was indicted on one count of threatening or intimidating "by word or conduct . . . [t]o cause physical injury to another person . . . in order to promote, further or assist in the interests of . . . a criminal street gang," and one count of "assisting a criminal street gang by committing any felony offense, whether completed or preparatory for the benefit of, at the direction of or in association with any criminal street gang."  Ariz. Rev. Stat. (A.R.S.) §§ 13-1202(A)(3)[1] (threatening or intimidating), -2321(B) (assisting a criminal street gang).  A jury subsequently convicted Harm of threatening or intimidating in order to "promote, further or assist" a criminal street gang, but found him not guilty of having done so at the direction of or in association with a criminal street gang.  At sentencing, Harm's conviction was enhanced pursuant to A.R.S. § 13-714, which applies when a person "is convicted of committing any felony offense with the intent to promote, further or assist any criminal conduct by a criminal street gang."

**¶2**        Harm now appeals his conviction and sentence, arguing there is insufficient evidence to support his conviction and, additionally, that enhancement of his sentence under A.R.S. § 13-714 violated double jeopardy where he was acquitted of assisting a criminal street gang.  Because we find sufficient evidence supports his conviction, and the enhancement of his sentence did not violate double jeopardy, we affirm.

## FACTS[2] AND PROCEDURAL HISTORY

**¶3**        Shortly before 1:00 a.m. on August 2, 2012, law enforcement officers observed Harm attempting to force open the doors of a commercial building.  A black police officer subsequently arrested him for trespassing, at which point, Harm launched into a verbal tirade against the officer, threatening him with violent retaliation by the Aryan Brotherhood, a white supremacist gang of which Harm implied he was a "known member."  Harm was subsequently indicted.

---

[1]        Absent material revisions after the relevant date, statutes cited refer to the current version.

[2]        "We view the facts in the light most favorable to sustaining the convictions with all reasonable inferences resolved against the defendant." *State v. Valencia*, 186 Ariz. 493, 495, 924 P.2d 497, 499 (App. 1996).

¶4          At trial, defense counsel argued Harm was not, in fact, a member of the Aryan Brotherhood, and acted only to further his own ill-thought-out and short-sighted purposes.  To undercut Harm's defense, the State offered into evidence statements Harm made to the officer during his arrest, as testified to by the arresting officer and partially captured in a forty-seven-minute audio recording, in which Harm was heard stating:

> I'm affiliated to the bone.  I will have all my brotherhood brothers come to this neighborhood, and you'll pay the ultimate price. . . .  This is going to start trouble with the A[ryan] B[rotherhood] in this town, brother and you ain't going to like it and your superiors ain't going to like it. . . .  I'm a known member of the AB.  I'm going to have a council over this. . . .  You want to be a punk n[-----] cop, there's going to be some brothers looking for a punk n[-----] cop in the next few days. . . .  I'm good at what I do, bro.  I'm good in my organization. . . .  I'm going to have as much shit done to you in your life because of what you just did to me in mine. . . . Our shit reaches as far as yours does, bro.

¶5          The State also presented expert testimony that Harm's declaration of membership and knowledge of the Aryan Brotherhood's inner workings were sufficient to establish Harm's membership in the gang.  *See* A.R.S. § 13-105(9) (setting forth seven criteria indicative of street gang membership, including self-proclamation, witness testimony, and "[a]ny other indicia" of street gang membership not specifically listed). The expert further testified the number one goal of the Aryan Brotherhood is the promotion of fear and respect for the gang itself.  Members or non-members can promote the gang by word of mouth, taking action on behalf of the gang, and instilling fear in potential victims.  A member of the Aryan Brotherhood could gain respect for himself, and the gang, by threatening law enforcement, identified as the number one "rival" of the gang.

¶6          Following presentation of the State's evidence, Harm unsuccessfully moved for a judgment of acquittal, claiming the State's evidence was insufficient to support a conviction.  The jury found Harm guilty only of threatening or intimidating "by word or conduct, . . . [t]o cause physical injury to another person . . . in order to promote, further or assist in the interests of . . . a criminal street gang," a class 3 felony.  A.R.S. § 13-1202(A)(3), (C).

¶7          Following the determination of guilt, the trial court proceeded to the aggravation phase.  The State alleged four aggravating

factors, including that the offense was committed "with the intent to promote, further or assist any criminal conduct by a criminal street gang." Although the court expressed concern as to whether that aggravator invoked double jeopardy concerns in light of Harm's acquittal of assisting a criminal street gang, all four aggravators were submitted to the jury. The jury found the State had proven beyond a reasonable doubt that the offense "involved the infliction or threatened infliction of serious physical injury," "was a biased crime," and was committed "with the intent to promote further or assist any criminal conduct by a criminal street gang."[3] Harm filed a motion for new trial, which was denied.

¶8 The trial court then sentenced Harm to a mitigated sentence of 12.5 years' imprisonment for threatening or intimidating, and determined Harm was not eligible for suspension of sentence or probation, based upon application of the proven aggravator that his conduct was committed with the intent to "promote, further or assist" a criminal street gang. A.R.S. § 13-714.

¶9 Harm filed a timely notice of appeal. We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

### I. Sufficiency of Evidence

¶10 Harm first argues the trial court erred in denying his motions for judgment of acquittal and new trial. Although Harm does not dispute having made numerous threats of violent retaliation by the Aryan Brotherhood against the officer and his family, he argues the State failed to establish that he was an actual member of the Aryan Brotherhood, or that he invoked the power of the Aryan Brotherhood with the intent to promote any interest beyond his own.

¶11 A directed verdict of acquittal is appropriate "if there is no substantial evidence to warrant a conviction." Ariz. R. Crim. P. 20(a). "'Substantial evidence . . . is such proof that reasonable persons could accept as adequate and sufficient to support a conclusion of defendant's guilt beyond a reasonable doubt.'" State v. West, 226 Ariz. 559, 562, ¶ 16, 250 P.3d 1188, 1191 (2011) (quoting State v. Mathers, 165 Ariz. 64, 67, 796 P.2d 866, 869 (1990)) (internal quotation marks omitted). We review de novo the denial of a motion for judgment of acquittal and the sufficiency of the

---

[3] The jury also found the State failed to prove beyond a reasonable doubt that the offense caused the victim to suffer emotional harm.

evidence to support a conviction. *See id.* at ¶ 15 (citing *State v. Bible*, 175 Ariz. 549, 595, 858 P.2d 1152, 1198 (1993)). In contrast, we review the denial of a motion for new trial alleging insufficient evidence for an abuse of discretion, and will affirm unless the evidence was not sufficient to support the verdict. *State v. Neal*, 143 Ariz. 93, 97, 692 P.2d 272, 276 (1984); *see also* Ariz. R. Crim. P. 24.1(c)(1). Under either standard, Harm's argument fails.

¶12 First, actual membership in a criminal street gang is not an element of the charge of threatening or intimidating, and therefore need not be proven to secure a conviction. *See* A.R.S. § 13-1202(A)(3).

¶13 Second, intent may be proven by circumstantial evidence, as a defendant's state of mind "is seldom, if ever, susceptible of proof by direct evidence." *State v. Lester*, 11 Ariz. App. 408, 410, 464 P.2d 995, 997 (1970); *see also State v. Routhier*, 137 Ariz. 90, 99, 669 P.2d 68, 77 (1983) ("Criminal intent, being a state of mind, is shown by circumstantial evidence. Defendant's conduct and comments are evidence of his state of mind."). Harm's diatribe reflected knowledge of and support for the Aryan Brotherhood's white supremacist ideology. His lengthy and forceful verbal attack upon the black police officer could have been interpreted by the jury as intending to promote those ideals and the reputation of the gang.

¶14 Sufficient evidence was submitted for the jury to reasonably conclude beyond a reasonable doubt that Harm's threats were made, at least in part, to promote the interests of the Aryan Brotherhood in gaining respect through intimidation. Accordingly, the trial court did not err in denying the motion for judgment of acquittal, or abuse its discretion in denying the motion for new trial.

## II. Enhancement of Sentence

¶15 Harm next argues the trial court improperly enhanced his sentence for threatening or intimidating in violation of his statutory and constitutional rights against double jeopardy and double punishment. Specifically, Harm asserts the crime of assisting a criminal street gang, A.R.S. § 13-2321(B), of which he was acquitted, and the statutory enhancer for offenses committed with the intent to promote, further or assist a criminal street gang, A.R.S. § 13-714, which was applied, "have identical elements." Consequently, Harm argues the constitutional prohibition against double jeopardy, which "bars a second prosecution for the same offense after conviction or acquittal and bars multiple punishments for the same offense," prohibits use of the enhancer. *See State v. Siddle*, 202 Ariz.

512, 515, ¶ 8, 47 P.3d 1150, 1153 (App. 2002) (quoting *State v. Powers*, 200 Ariz. 123, 125, ¶ 5, 23 P.3d 668, 670 (App. 2001)). We review *de novo* whether double jeopardy applies. *Id.* at ¶ 7 (citing *Powers*, 200 Ariz. at 125, ¶ 5, 23 P.3d at 670).

### A. The Acquitted Offense and the Statutory Enhancer Do Not Have Identical Elements.

**¶16** For purposes of double jeopardy, separate statutory provisions "constitute the same offense if they are comprised of the same elements." *Siddle*, 202 Ariz. at 516, ¶ 10, 47 P.3d at 1154 (citing *Brown v. Ohio*, 432 U.S. 161, 166 (1977)). To determine whether the two provisions constitute one offense, we look to see whether "'each provision requires proof of an additional fact that the other does not.'" *Id.* (quoting *Brown*, 432 U.S. at 166). If so, the two are not the same offense. *Id.*; *see State v. Tinghitella*, 108 Ariz. 1, 3, 491 P.2d 834, 836 (1971) (adopting "identical elements" test to determine whether act or omission results in double punishment).

**¶17** Here, the enhancer applies to "any felony offense [committed] *with the intent to promote, further or assist any criminal conduct by a criminal street gang*." A.R.S. § 13-714 (emphasis added). In contrast, the offense Harm was acquitted of penalizes commission of "any felony offense, whether completed or preparatory for the benefit of, *at the direction of or in association with any criminal street gang*." A.R.S. § 13-2321(B) (emphasis added). In the absence of a comma separating "preparatory" from "for the benefit of," we must read the singular, unitary provision, "preparatory for the benefit of," as a non-restrictive clause modifying "any felony offense." *See Pawn 1st, L.L.C. v. City of Phx.*, 231 Ariz. 309, 311, ¶ 16, 294 P.3d 147, 149 (App. 2013) ("The plain meaning of a statute 'will typically heed the commands of its punctuation.'") (quoting *U.S. Nat'l Bank v. Indep. Ins. Agents of Am., Inc.*, 508 U.S. 439, 454 (1993)). The plain meaning does not support an argument that "for the benefit of," as contained within A.R.S. § 13-2321(B), could form a substantive basis for conviction (i.e., action taken "for the benefit of" a criminal street gang).

**¶18** It is clear that neither the words contained in the statutes, nor their application, is identical. On the one hand, A.R.S. § 13-2321(B) requires that any "assistance" to a criminal street gang through the commission of a crime occur at the direction of or in association with the gang. On the other hand, A.R.S. § 13-714 simply requires that the crime be committed "in order to promote, further or assist any criminal conduct" of a criminal street gang. The former implies some participation by the gang, while the

latter addresses only the intent of the actor. Indeed, engaging in a felony at the direction of or in association with any criminal street gang is fundamentally different from engaging in that same act, without the requisite direction or association, based solely upon the actor's own intent to promote, further or assist criminal conduct. Effectively, a person can promote, further or assist a criminal street gang, without that conduct being at the direction of or in association with the gang.

¶19 Moreover, when the legislature chooses different words within a statutory scheme, we presume those distinctions are meaningful and evidence an intent to give a different meaning and consequence to the alternate language.[4] *Egan v. Fridlund-Horne*, 221 Ariz. 229, 239, ¶ 37, 211 P.3d 1213, 1223 (App. 2009) (citing *Comm. for Pres. of Established Neighborhoods v. Riffel*, 213 Ariz. 247, 249-50, ¶ 8, 141 P.3d 422, 424-25 (App. 2006)); *see also State v. McDermott*, 208 Ariz. 332, 334-35, ¶ 5, 93 P.3d 532, 534-35 (App. 2004) ("[W]e . . . presume that the legislature does not include statutory 'provisions which are redundant, . . . [or] superfluous . . . .'") (quoting *State v. Moerman*, 182 Ariz. 255, 260, 895 P.2d 1018, 1023 (App. 1994)). Although the language of A.R.S. § 13-714 may be similar to that of A.R.S. § 13-2321(B), to adopt Harm's position would ignore the legislature's decision to use different words to describe different conduct at issue in each circumstance. Such an approach would run contrary to established principles of statutory interpretation. *Egan*, 221 Ariz. at 239, ¶ 37, 211 P.3d at 1223.

¶20 Applying the test adopted in *Tinghitella*, we conclude the elements of the acquitted offense and the statutory enhancer are not identical, and are therefore not the "same offense" for purposes of a double jeopardy challenge.

---

[4] That the legislature has used these similar but different phrases in other sections of the Criminal Code is further evidence it understood and intended a distinction between the phrases. *Compare* A.R.S. § 13-1202(A)(3) (criminalizing threatening or intimidating with intent to "promote, further or assist" a criminal street gang), A.R.S. § 13-2409 (same for obstructing criminal investigations), A.R.S. § 13-1805(H) (same for shoplifting), A.R.S. § 13-2512(B)(2) (same for hindering prosecution), A.R.S. § 13-3102(A)(9), (16) (same for misconduct involving weapons), *and* A.R.S. § 13-715 (enhancing sentence for felony offense committed with intent to "promote, further or assist a human smuggling organization"), *with* A.R.S. § 13-2323(B) (criminalizing felony offense committed "at the direction of or in association with any human smuggling organization").

### B. Application of the Statutory Enhancer is Consistent with the Crime for Which Harm Was Convicted.

¶21      Harm's conviction for threatening or intimidating reinforces our conclusion, as the charge for which Harm was convicted includes the identical element that makes the statutory enhancer applicable. *Compare* A.R.S. § 13-1202(A)(3) (criminalizing threatening or intimidating "in order *to promote, further or assist* in the interests of or to cause, induce or solicit another person to participate in a criminal street gang") (emphasis added), *with* A.R.S. § 13-714 (enhancing sentence of a person "convicted of committing any felony offense with the intent *to promote, further or assist* any criminal conduct by a criminal street gang") (emphasis added). It would be illogical to find Harm's sentence was improperly enhanced based upon an intent to "promote, further or assist" any criminal conduct of a criminal street gang where the jury, in the same proceeding, convicted Harm of a crime which required it to find that same intent. *See State v. Linsner*, 105 Ariz. 488, 491, 467 P.2d 238, 241 (1970) ("[A] jury verdict is conclusive.") (citing *Machibroda v. United States*, 368 U.S. 487, 493 (1962)).

¶22      Specifically, the trial court instructed the jury that the crime of threatening or intimidating "require[d] proof that [Harm] threatened or intimidated by word or conduct to cause physical injury to another person . . . *in order to promote, further or assist* in the interest [of] or to cause, induce, or solicit another person to participate in a criminal street gang . . . ." (Emphasis added). The jury was apparently able to distinguish "promote, further or assist" from "at the direction of or in association with," convicting Harm of the former act (and finding the State had proven the identical statutory enhancer) and acquitting him of the latter, without seeking further clarification or guidance from the court on the issue. The jury's consistent determinations thereby belie any argument that the statutes are indistinguishable or that Harm's acquittal for A.R.S. § 13-2321(B) is inconsistent with the express findings of the jury regarding Harm's intent.

### C. No Double Jeopardy Violation Results from Use of the Statutory Enhancer.

¶23      Finally, even if we were to further entertain Harm's position, both the U.S. and Arizona Supreme Courts have held that a sentence enhancement does not offend double jeopardy. *United States v. Watts*, 519 U.S. 148, 154-55 (1997); *see also State v. Bly*, 127 Ariz. 370, 373, 621 P.2d 279, 282 (1980), *superseded by statute*, A.R.S. § 13-702, *as recognized in State v. Pitts*,

178 Ariz. 59, 63, 870 P.2d 1155, 1159 (App. 1993).[5]  The increase in punishment results from the manner in which the crime was committed; it is not additional punishment for a previous crime of which the defendant was not convicted.  *Watts*, 519 U.S. at 154-55; *Bly*, 127 Ariz. at 373, 621 P.2d at 282 ("The punishment may be severe and it may be a single element of the crime which mandates the legislative decision to make probation unavailable and a minimum prison term mandatory, but that does not mean a defendant is being punished time and time again for a single act. It merely defines a single harsh punishment for a single severe crime.").

¶24         Additionally, although the judiciary is granted discretion in prescribing an appropriate punishment given the circumstances of a particular crime, it can only act within the limits set forth by the legislature. *Bly*, 127 Ariz. at 371-72, 621 P.2d at 280-81.  Therefore, in situations where double jeopardy is alleged to result from the mechanics of sentencing, "the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Missouri v. Hunter*, 459 U.S. 359, 366 (1983); *see also State v. Snyder*, 111 Ariz. 366, 367, 529 P.2d 1183, 1184 (1975) ("The rule of law is well established that where . . . a sentence is clearly within the statutory limits provided for the offense, a reviewing court will not disturb the sentence unless there is a clear abuse of discretion.") (citing *State v. Rogers*, 109 Ariz. 55, 56, 505 P.2d 226, 227 (1973), and *State v. Fischer*, 108 Ariz. 325, 326, 498 P.2d 147, 148 (1972)).

¶25         Here, A.R.S. § 13-714 does not contain any language limiting its application or suggesting it may not operate independently from crimes committed "at the direction of or in association with" a criminal street gang.  To the contrary, A.R.S. § 13-714 applies broadly by its terms to "[any] person who is convicted of committing *any felony offense* with the intent to promote, further or assist any criminal conduct by a criminal street gang." A.R.S. § 13-714 (emphasis added).  The legislature has simply meted out

---

[5]     The legislature has since amended A.R.S. § 13-702 (now A.R.S. § 13-701, *see* 2008 Ariz. Sess. Laws, ch. 301, § 23 (2nd Reg. Sess.)) to prohibit consideration of infliction of serious physical injury or use of a deadly weapon as aggravating factors where "this circumstance is an essential element of the offense of conviction or has been used to enhance the range of punishment" against dangerous offenders, effectively resolving any doubt expressed in *Bly* as to how it intended those factors to be considered. A.R.S. § 13-701(D)(1)-(2).  However, the balance of the analysis in *Bly*, and its deference to the legislature on these issues, remain sound.

harsher penalties in circumstances involving crimes that provide recognition to or promotion of a criminal street gang.

¶26 Harm's conviction of a class 3 felony under A.R.S. § 13-1202(A)(3) qualifies as "any felony offense," and the jury consistently found, both in its verdict and at the aggravation stage, that the crime was committed with the "intent to promote, further or assist" a criminal street gang. Where, as here, a statutory sentence enhancer has been created, the consequence of its application cannot be said to constitute a greater punishment than that anticipated by the legislature. We reject any suggestion otherwise.

## CONCLUSION

¶27 An acquittal under A.R.S. § 13-2321 does not preclude the enhancement of a separate conviction under A.R.S. § 13-1202(A)(3) pursuant to A.R.S. § 13-714. Substantial evidence was presented at trial to support Harm's conviction and the statutory enhancer. We therefore affirm Harm's conviction and sentence.



Ruth A. Willingham · Clerk of the Court
FILED: ama