NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

HARRY JONATHAN MILLER, *Appellant*.

No. 1 CA-CR 15-0700
FILED 6-30-2016

Appeal from the Superior Court in Mohave County
No. S8015CR201500377
The Honorable Lee Frank Jantzen, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Mohave County Legal Advocate, Kingman
By Jill L. Evans
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Patricia K. Norris joined.

**J O N E S**, Judge:

**¶1**      Harry Miller appeals his convictions and sentences for two counts of fraudulently obtaining utility service, both class six felonies. After searching the entire record, Miller's defense counsel has identified no arguable question of law that is not frivolous. Therefore, in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), defense counsel asks this Court to search the record for fundamental error. Miller was afforded an opportunity to file a supplemental brief *in propria persona* but declined to do so. After reviewing the record, we find no error. Accordingly, Miller's convictions and sentences are affirmed.

## FACTS[1] AND PROCEDURAL HISTORY

**¶2**      In September 2014, a Mohave County Sheriff's officer responded to a call reporting a fire in the backyard of Miller's residence in Kingman. An employee from UniSource Energy — the electric utility provider for the area — also responded to monitor the electric lines above the area. After being advised that the residence's main electricity breaker had been shut off, the UniSource employee noticed Miller's porch light was still on. Upon further investigation, the UniSource employee discovered the electric lines servicing Miller's house had been modified so as to completely bypass the meter.

**¶3**      When questioned, Miller told the officer he did not have electricity running to his house and did not know about the bypass. The officer informed Miller he had regularly seen lights on in Miller's house after dark, and Miller said he used a generator for electricity.

---

[1]      "We view the facts in the light most favorable to sustaining the convictions with all reasonable inferences resolved against the defendant." *State v. Harm*, 236 Ariz. 402, 404 n.2, ¶ 2 (App. 2015) (quoting *State v. Valencia*, 186 Ariz. 493, 495 (App. 1996)).

¶4        Miller was subsequently charged with two counts of fraudulently obtaining utility service in violation of Arizona Revised Statutes (A.R.S.) section 13-3724(A)(3) and (4).[2]  At trial, the UniSource employee testified Miller's electricity was not being supplied by a generator because the wires from his house were not connected to a generator, but rather, were connected directly to the overhead electric lines.

¶5        At the close of the State's evidence, Miller's counsel made an unsuccessful motion for judgment of acquittal pursuant to Arizona Rule of Criminal Procedure 20(a).  Miller then testified on his own behalf, stating he had a generator providing electricity for his house, and provided pictures of a generator and solar panels in his yard.  Miller also admitted to one prior felony conviction.

¶6        The jury found Miller guilty as charged.  The trial court sentenced Miller as a non-dangerous, non-repetitive offender to slightly mitigated terms of imprisonment of six months for each count to run concurrently.  The court also credited Miller for thirty days of presentence incarceration.  Finally, the court ordered Miller pay restitution in the amount of $99.38.  Miller timely appealed, and we have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

¶7        Our review reveals no fundamental error.  *See Leon*, 104 Ariz. at 300 ("An exhaustive search of the record has failed to produce any prejudicial error.").  A person is guilty of fraudulently obtaining utility service if he "intentionally . . . [t]amper[s] with property that is owned or used by a utility."  A.R.S. § 13-3724(A)(3).  Within this section, "tamper" means "to rearrange, damage, alter, interfere with or otherwise prevent the performance of a normal or customary function," and  includes:

> Connecting any wire, conduit or device to any service, distribution or transmission line that is owned or used by a utility[,] . . . [d]efacing, puncturing, removing, reversing or altering any meter or any connection to secure unauthorized or unmeasured utility service[,] . . . [or] [k]nowingly taking, receiving, using or converting to personal use or the use of another person any utility service without authorization or consent.

---

[2]        Absent material changes from the relevant date, we cite a statute's current version.

A.R.S. § 13-3724(E)(4)(a)-(b), (d). A person is separately guilty of fraudulently obtaining utility service if he "[u]se[s], receive[s] or otherwise divert[s] utility services without the authorization or consent of the utility if the customer or person knows or has reason to know of the unlawful diversion, tampering or connection." A.R.S. § 13-3724(A)(4). Based upon the record before us, sufficient evidence was presented upon which a jury could determine beyond a reasonable doubt Miller was guilty of the charged offenses.

¶8 All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. Miller was represented by counsel at all stages of the proceedings and was present at all critical stages except for the morning of one day of trial, for which his presence was knowingly and voluntarily waived. The jury was properly comprised of eight jurors, and the record shows no evidence of jury misconduct. *See* A.R.S. § 21-102(B); Ariz. R. Crim. P. 18.1(a). At sentencing, Miller was given an opportunity to speak, and the trial court stated on the record the evidence and materials it considered as well as the factors it found in imposing sentences. *See* Ariz. R. Crim. P. 26.9, 26.10(b). Additionally, the sentences imposed were within the statutory limits. *See* A.R.S. § 13-703(H).

## CONCLUSION

¶9 Miller's convictions and sentences are affirmed. Defense counsel's obligations pertaining to Miller's representation in this appeal have ended. Defense counsel need do no more than inform Miller of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for submission to our supreme court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).

¶10 Miller has thirty days from the date of this decision to proceed, if he wishes, with an *in propria persona* petition for review. *See* Ariz. R. Crim. P. 31.19(a). Upon the Court's own motion, we also grant Miller thirty days from the date of this decision to file an *in propria persona* motion for reconsideration.



Ruth A. Willingham · Clerk of the Court
FILED: AA