NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

BRIAN LEE HARM, *Petitioner*.

No. 1 CA-CR 15-0775 PRPC
FILED 7-11-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2012-140832-001 DT
The Honorable Bruce R. Cohen, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Susan L. Luder
*Counsel for Respondent*

Brian Lee Harm, Buckeye
*Petitioner*

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which
Presiding Judge Samuel A. Thumma and Judge James P. Beene joined.

**W I N T H R O P**, Judge:

¶1         Brian Lee Harm petitions this court for review of the summary dismissal of his petition for post-conviction relief. A jury found Harm guilty of threatening or intimidating, and the trial court sentenced him to 12.5 years' imprisonment. This court affirmed his conviction and sentence on direct appeal. *See State v. Harm*, 236 Ariz. 402, 409, ¶ 27, 340 P.3d 1110, 1117 (App. 2015).

¶2         In his petition for review, Harm argues the trial court erred when it failed to conduct a competency hearing *sua sponte* and that law enforcement officers obtained statements from him in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966). Harm also argues his trial counsel was ineffective when counsel failed to request a competency hearing and when counsel failed to file a motion to suppress based on the alleged *Miranda* violation.

¶3         We deny relief. Regarding the claims of error by the trial court, Harm could have raised these claims on direct appeal. Any claim a defendant could have raised on direct appeal is precluded. Ariz. R. Crim. P. ("Rule") 32.2(a). None of the exceptions under Rule 32.2(b) apply.

¶4         Regarding the claims of ineffective assistance of counsel, we deny relief because Harm has failed to present any colorable claims for relief. First, Harm failed to present a colorable claim that counsel should have sought a competency hearing. Harm has never offered any evidence that suggests he was unable to understand the proceedings against him or assist in his defense. *See State v. Amaya-Ruiz*, 166 Ariz. 152, 162, 800 P.2d 1260, 1270 (1990) (addressing competency). We also note that the same judge who dismissed the petition for post-conviction relief presided over Harm's trial. In the minute entry dismissing the petition, the court stated, "[T]his court spent appreciable time with Defendant in court and from that, notes that there would have been no viable mental capacity or Rule 11 claims."[1] If Harm meant to argue competency in the context of his mental state at the time he committed the offense, "Arizona does not recognize a 'diminished capacity' defense" other than a guilty except insane defense. *State v. Lopez*, 234 Ariz. 465, 469, ¶ 21, 323 P.3d 748, 752 (App. 2014).

¶5         Second, Harm has failed to present a colorable claim that counsel should have filed a motion to suppress based on *Miranda*. Harm

---

[1]    Exhibit D to Harm's petition for post-conviction relief notes that trial counsel determined there was no basis to seek a competency hearing.

does not identify the specific inculpatory statements allegedly obtained in violation of *Miranda*, does not identify evidence that shows he made those statements during a custodial interrogation, does not explain if and/or when the trial court admitted those statements at trial, and does not direct us to any relevant portion of the record on review to support his claim. He has, therefore, failed to present a colorable claim for relief.

¶6        Accordingly, although we grant review, we deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA