NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

STEVE NOLTE AKA GEORGE FRANCE, *Appellant.*

No. 1 CA-CR 16-0594
FILED 11-2-2017

Appeal from the Superior Court in Maricopa County
No.  CR1997-010394
The Honorable Christopher A. Coury, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By William Scott Simon
*Counsel for Appellee*

Janelle A. McEachern Attorney at Law, Chandler
By Janelle A. McEachern
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Chief Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Peter B. Swann and Judge Thomas C. Kleinschmidt[1] joined.

---

**T H U M M A**, Judge:

¶1 Steve Nolte a.k.a. George France (Nolte) appeals his convictions and resulting sentences for one count of fraudulent schemes and artifices and five counts of theft. Because Nolte has shown no error, his convictions and sentences are affirmed.

**FACTS[2] AND PROCEDURAL HISTORY**

¶2 Nolte, through his company Etlon Communications, worked as a consultant for Fulton Homes in Tempe doing information technology work. In early May 1997, Fulton Homes discovered several company checks were missing. By May 16, 2017, Fulton Homes checks, purportedly signed by Fulton Homes' president, made payable to Etlon and totaling $571,649.17, had been deposited into an Etlon bank account. Fulton Homes had not signed or authorized any of those checks. Three wire transfers totaling $543,500 were made from Etlon's bank account to an account for Nolte's benefit in Costa Rica. Fulton Homes terminated Nolte's consultancy.

¶3 Nolte assumed the identity of George France, an individual who was born in February 1966 and died four days later. On May 13, 1997, Nolte obtained a copy of France's birth certificate and applied for, and obtained, a driver's license in the name of "George France." Using a passport application showing planned travel to Costa Rica, Nolte also applied for, and obtained, a passport in the name of "George France." After

---

[1] The Honorable Thomas C. Kleinschmidt, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article VI, Section 3, of the Arizona Constitution.

[2] This court views the facts in the light most favorable to sustaining the verdicts and resolves all reasonable inferences against the defendant. *State v. Harm*, 236 Ariz. 402, 404 n.2 (App. 2015) (citing *State v. Valencia*, 186 Ariz. 493, 495 (App. 1996)).

Nolte traveled to Costa Rica, he applied for, and obtained, a replacement passport in the name of "George France." The pictures on the driver's license and passports were identified as Nolte. Other evidence, including DNA and fingerprint analysis, show that defendant is Nolte.

**¶4**        In September 1997, the State indicted Nolte on one count of fraudulent schemes and artifices, a Class 2 felony; four counts of theft, Class 2 felonies; one count of theft, a Class 3 felony; and five counts of forgery, Class 4 felonies, each alleged to have been committed on various dates in 1997. After an eight-day trial, the jury found Nolte not guilty of the forgery charges but guilty of the other charges, all of which were non-dangerous, non-repetitive offenses. The superior court sentenced Nolte to concurrent prison terms, the longest being 9.25 years, and ordered him to pay $571,649.17 in restitution. This court has jurisdiction over Nolte's timely appeal pursuant to Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1), 13-4031 and 13-4033(A) (2017).[3]

## DISCUSSION

**¶5**        Nolte argues the evidence is insufficient to support the guilty verdicts for fraudulent schemes and artifices and theft, a claim this court reviews de novo. *State v. West*, 226 Ariz. 559, 562 ¶ 15 (2011). Sufficient evidence may be direct or circumstantial and "is such proof that 'reasonable persons could accept as adequate and sufficient to support a conclusion of defendant's guilt beyond a reasonable doubt.'" *State v. Borquez*, 232 Ariz. 484, 487 ¶ 9 (App. 2013). "To set aside a jury verdict for insufficient evidence it must clearly appear that upon no hypothesis whatever is there sufficient evidence to support the conclusion reached by the jury." *State v. Arredondo*, 155 Ariz. 314, 316 (1987).

**¶6**        Nolte argues the State's "case was made up of innuendo" and "there was no concrete evidence as to how the checks got from Fulton Homes accounting office with [the Fulton Homes' president's] . . . signature and the money in Etlon Communications' account." This argument seeks to distinguish between direct and circumstantial evidence, contrary to

---

[3] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated. On October 19, 2017, after the completion of appellate briefing closed and after the appeal was conferenced, Nolte filed a pro se "Motion for Access to the Courts – Transcripts." Because Nolte is represented by counsel and has not shown an entitlement to the relief requested, that motion is denied.

Arizona law. *State v. Harvill*, 106 Ariz. 386, 391 (1970) (noting Arizona law makes no distinction between direct and circumstantial evidence).

¶7 For the schemes and artifices conviction, Nolte argues the State failed to introduce evidence that Nolte used the France identity to defraud Fulton Homes. As applicable here, however, the State was required to prove Nolte, "pursuant to a scheme or artifice to defraud, knowingly obtain[ed] any benefit by means of false or fraudulent pretenses, representations, promises or material omissions." A.R.S. § 13-2310(A); *State v. Bridgeforth*, 156 Ariz. 60, 64 (1988). The trial evidence properly would allow a reasonable jury to conclude Nolte acted pursuant to a scheme or artifice to defraud and obtained a benefit by false or fraudulent pretenses, representations or material omissions. On various dates, unauthorized checks from Fulton Homes, totaling $571,649.17, were deposited into a bank account of Etlon, Nolte's company. Subsequently, $543,500 was wired from that account to Nolte to a Costa Rican bank. On this record, a reasonable jury could conclude Nolte acted pursuant to a scheme or artifice to defraud Fulton Homes and knowingly obtained a benefit.

¶8 Nolte also argues the forgery acquittals mean there was insufficient evidence to support the theft convictions. Specifically, Nolte argues the acquittals and the State's failure to provide evidence about who forged Fulton Homes' president's signature on the checks means the evidence was insufficient to support the theft convictions. As applicable here, "[a] person commits theft if, without lawful authority, the person knowingly controls property of another with the intent to deprive the other person of such property." A.R.S. § 13-1802(A)(1). There is sufficient evidence supporting the jury's conclusion that Nolte knowingly controlled Fulton Homes' property with the intent to deprive Fulton Homes of that property, even if the jury concluded the State did not prove Nolte himself forged the checks. Moreover, even if Nolte is correct that the verdicts are inconsistent, Arizona law does not require verdicts on different counts in the same indictment to be consistent. *See State v. Zakhar*, 105 Ariz. 31, 32 (1969); *see also State v. Adams*, 189 Ariz. 235, 238 (App. 1997) ("That Appellant was acquitted on forgery counts . . . did not preclude the jury from returning a fraudulent schemes and artifices conviction on the same evidence."). Accordingly, the acquittals on the forgery charges do not preclude Nolte's convictions for fraudulent schemes and artifices and theft.

## CONCLUSION

**¶9**      Because Nolte has shown no error, his convictions and resulting sentences are affirmed.



AMY M. WOOD • Clerk of the Court
FILED:  AA