NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

DANIEL LAMB, *Appellant.*

No. 1 CA-CR 17-0485
FILED 7-19-2018

Appeal from the Superior Court in Maricopa County
No. CR2014-002808-001
The Honorable David O. Cunanan, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Brown & Little P.L.C., Chandler
By Matthew O. Brown
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Jon W. Thompson joined.

**J O N E S**, Judge:

¶1        Daniel Lamb appeals his conviction and sentence for one count of possession of marijuana. For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2        On June 16, 2010, in the course of investigating Lamb's alleged involvement in a home invasion, a detective discovered a baggie of marijuana in Lamb's car.[1] In October 2014, Lamb was indicted on one count each of conspiracy to commit armed robbery, burglary, and armed robbery, all alleged to have occurred on June 3, 2010, as well as one count of possession of marijuana, based on the marijuana found in Lamb's car on June 16. In November 2015, the trial court granted Lamb's request to waive his right to counsel and represent himself.

¶3        In February 2016, the trial court granted Lamb's *pro se* motion to sever the marijuana count from the other charges. Between February and August 2016, Lamb withdrew his waiver of counsel, fired his first court-appointed attorney, and was assigned a second court-appointed attorney. The case was then reassigned to a different division of the superior court for trial. A four-day trial commenced in May 2017, where all four counts were tried together.

¶4        At the conclusion of the State's evidence, Lamb moved for judgment of acquittal "on all counts with the exception to the marijuana charge." The trial court granted judgment of acquittal for conspiracy to commit armed robbery and then instructed the jury as to the elements of burglary, armed robbery, and possession of marijuana. The court further advised:

---

[1]        "We view the facts in the light most favorable to sustaining the conviction[] with all reasonable inferences resolved against the defendant." *State v. Harm*, 236 Ariz. 402, 404 n.2, ¶ 2 (App. 2015) (quoting *State v. Valencia*, 186 Ariz. 493, 495 (App. 1996)).

> Each count charges a separate and distinct offense. You must decide each count separately on the evidence with the law applicable to it, uninfluenced by your decision on any other count. You may find that the State has proved beyond a reasonable doubt, all, some or none of the charged offenses. Your finding for each count must be stated in a separate verdict.

The jury acquitted Lamb of burglary and armed robbery and convicted him of just one count: possession of marijuana.

¶5　　　　One week later, Lamb moved to vacate the conviction arguing the marijuana charge should have been tried separately based upon the February 2016 order. At the hearing on the motion, Lamb's counsel averred that he had raised the severance issue during an unrecorded bench conference during jury selection to no avail. The trial court denied the motion, noting it had "no independent memory" of severance having been raised during jury selection and further found Lamb had failed to prove he was prejudiced by the error. The court then sentenced Lamb as a non-dangerous, non-repetitive offender to one year of imprisonment with credit for 656 days of presentence incarceration. Lamb timely appealed, and we have jurisdiction pursuant to Arizona Revised Statutes §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

¶6　　　　Lamb argues the trial court erred when it proceeded to trial on all the charges after the marijuana charge had been severed. The parties dispute whether counsel's avowal of the contents of the unrecorded bench conference was sufficient to preserve the issue for appeal. We need not reach this issue, however, because we are convinced beyond a reasonable doubt that the error did not contribute to or affect the verdict or sentence. *See State v. Henderson*, 210 Ariz. 561, 567-68, ¶¶ 18-20 (2005) (explaining that when an issue is preserved, the appellate court reviews for harmless error — requiring the state to prove beyond a reasonable doubt that the error had no effect on the verdict or sentence — and when an issue is not preserved, the appellate court reviews for fundamental error — requiring the defendant to prove the error prejudiced him).

¶7　　　　Lamb argues "the very serious, highly disturbing and prejudicial armed robbery counts affect[ed] [the jury's] judgment as to the marijuana count." But the jury's acquittal of Lamb on the two more serious charges suggests the jurors followed the judge's instruction to consider each

count separately. *See State v. Stuard*, 176 Ariz. 589, 600 (1993) (considering the acquittal of the defendant on some counts as evidence that "the jury followed the judge's instructions and considered the evidence separately on each charge").

¶8        Moreover, the evidence against Lamb on the marijuana charge was overwhelming. *See State v. Gallegos*, 178 Ariz. 1, 11 (1994) (concluding beyond a reasonable doubt that an error had no effect on the jury's verdict where there was overwhelming evidence of guilt). At trial, the State introduced evidence that the detective performed a traffic stop of Lamb's vehicle pursuant to a court order to obtain physical evidence from him. When asked if he had any illegal items or weapons in the vehicle, Lamb, the only occupant, answered affirmatively. The detective then found marijuana in a small case on the backseat next to a prescription medication bottle bearing Lamb's name. Indeed, Lamb's counsel specifically excluded the marijuana charge from his motion for judgment of acquittal, conceding the State had presented sufficient evidence to warrant conviction on that charge.

¶9        On this record, we find no prejudicial error.

## CONCLUSION

¶10        Lamb's conviction and sentence are affirmed.



AMY M. WOOD • Clerk of the Court
FILED:  AA