NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

WANSFORD EUGENE FRAZER, *Appellant.*

No. 1 CA-CR 18-0493
FILED 9-3-2019

Appeal from the Superior Court in Maricopa County
No. CR2017-002978-001
The Honorable Lauren R. Guyton, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael F. Valenzuela
*Counsel for Appellee*

The Stavris Law Firm PLLC, Scottsdale
By Alison Stavris
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Maria Elena Cruz joined.

---

**M c M U R D I E**, Judge:

¶1      Wansford Eugene Frazer appeals his conviction and sentence for the destruction of or injury to a public jail. For the following reasons, we affirm.

### FACTS AND PROCEDURAL BACKGROUND[1]

¶2      On the evening of June 20, 2017, Detention Officers Espinoza and Tarango began distributing evening meals to inmates housed in Tower 23 of the Lower Buckeye Jail. Due to a shortage, however, the detention officers were unable to provide every inmate with a meal, including Frazer. While they waited for more meals to arrive, the detention officers began distributing items purchased ("canteen") by the inmates. Because Frazer did not have a canteen delivery scheduled, the detention officers passed by his cell and continued to deliver canteen to cells adjacent to his. As they did so, both officers heard a "loud pop" from the vicinity of Frazer's cell and went to investigate.

¶3      When they arrived, they noticed that the pane of the cell's window was cracked and that Frazer, the cell's only occupant, was standing next to the cell door. After transferring Frazer to another cell, Tarango documented the damage.

¶4      The following day, Espinoza reviewed the security camera footage taken during the incident. The footage shows Espinoza delivering canteen to the cell next to Frazer's before beginning to leave the area. Frazer, seen lying on his cell's bed, then rapidly strikes the glass pane of the cell

---

[1]     We view the facts in the light most favorable to upholding the verdict and resolve all reasonable inferences against Frazer. *State v. Harm*, 236 Ariz. 402, 404, ¶ 2, n.2 (App. 2015) (citing *State v. Valencia*, 186 Ariz. 493, 495 (App. 1996)).

window two times. As Espinoza continues to move away from Frazer's cell, Frazer moves within his cell before striking the glass a third time, damaging the windowpane.[2] Frazer then jumps off the bed as the detention officers approach his cell to investigate.

¶5　　　　The State charged Frazer with one count of destruction of or injury to a public jail, a class 5 felony. Ariz. Rev. Stat. ("A.R.S.") § 31-130. At trial, the State presented the security camera footage, photographs of the damaged window, and the testimony of the two detention officers. After the State rested, Frazer moved for a judgment of acquittal under Arizona Rule of Criminal Procedure ("Rule") 20. The court denied the Rule 20 motion and Frazer testified in his defense. The jury found Frazer guilty as charged, and the superior court sentenced Frazer to the minimum term of 4 years' imprisonment. Frazer timely appealed, and we have jurisdiction under A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

**DISCUSSION**

¶6　　　　Frazer argues the superior court erred by denying his Rule 20 motion following the State's case. Specifically, Frazer contends "that no substantial evidence was presented which illustrated that his conduct . . . was done so with the intent of breaking, cracking or otherwise damaging" his cell's window.

¶7　　　　We review the denial of a motion for judgment of acquittal *de novo. State v. West*, 226 Ariz. 559, 562, ¶ 15 (2011). Because Frazer presented a case after the Rule 20 motion was denied, "we evaluate the motion based on the entire record, including any evidence [Frazer] supplied." *State v. Nunez*, 167 Ariz. 272, 279 (1991).

¶8　　　　When a Rule 20 motion is made, "the court must enter a judgment of acquittal on any offense charged . . . if there is no substantial evidence to support a conviction." Ariz. R. Crim. P. 20(a). "'Substantial evidence,' Rule 20's lynchpin phrase, 'is such proof that reasonable persons could accept as adequate and sufficient to support a conclusion of defendant's guilt beyond a reasonable doubt.'" *West*, 226 Ariz. at 562, ¶ 16

---

[2]　　The reflection cast from three panes of mirrored glass visible on the right side of the security camera footage also appears to show that Frazer struck the glass the first two times with his arm, and the final time with his foot. The movement within his cell prior to the third strike appears to be Frazer shifting his body so that he could kick the cell window.

(quoting *State v. Mathers*, 165 Ariz. 64, 67 (1990)). "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (quoting *Mathers*, 165 Ariz. at 66). In reviewing a Rule 20 motion, "[b]oth direct and circumstantial evidence should be considered" to determine whether substantial evidence supports a conviction. *Id.*

**¶9**　　　　　Under A.R.S. § 31-130, "[a] person who intentionally and without lawful authority breaks, pulls down or otherwise destroys or injures a public jail or other place of confinement is guilty of a class 5 felony." Because Frazer only challenges the intent element of A.R.S. § 31-130, and enough evidence was presented concerning the other aspects of the offense, we need only address whether any rational trier of fact could have found Frazer intentionally damaged his cell's window.

**¶10**　　　　　"'Intentionally' . . . means, with respect to a result or to conduct described by a statute defining an offense, that a person's objective is to cause that result or to engage in that conduct." A.R.S. § 13-105(10)(a). "[I]ntent may be proven by circumstantial evidence, as a defendant's state of mind 'is seldom, if ever, susceptible of proof by direct evidence.'" *State v. Harm*, 236 Ariz. 402, 406, ¶ 13 (App. 2015) (quoting *State v. Lester*, 11 Ariz. App. 408, 410 (1970)); *see also State v. Routhier*, 137 Ariz. 90, 99 (1983) ("Criminal intent, being a state of mind, is shown by circumstantial evidence. Defendant's conduct and comments are evidence of his state of mind.").

**¶11**　　　　　Sufficient evidence was presented for the jury to conclude beyond a reasonable doubt that Frazer intentionally damaged his cell window. The security footage presented to the jury showed Frazer strike the window twice, move within his cell, and then strike the window a third time, damaging the glass. During his testimony, Frazer asserted he only hit the windowpane twice and that he was merely knocking on the glass to get the detention officers' attention. But the security camera footage belied Frazer's claims, and the detention officers testified that: (1) the windowpane was relatively thick; (2) inmates commonly knocked on the windows to get their attention; and (3) typical knocking had not damaged the windows in the past. Frazer likewise acknowledged that the windowpane was thick and that he had knocked on the glass to communicate before without incident. Moreover, the testimony presented at trial established that, on the night of the event, Frazer was not given his evening meal at the routine time. Frazer testified he told the detention officers he had not been given a meal, had not received follow-up, and that

he began to hit the glass once he heard the detention officers move past his cell to distribute canteen to other cells. Given these facts, a jury could reasonably conclude Frazer intentionally damaged his cell's window.

¶12     We are unpersuaded by Frazer's attempts on appeal to point us to other facts that may indicate he did not intentionally damage his cell window. At best, Frazer's arguments support the contention that a reasonable jury *could* have drawn different inferences from the evidence presented at trial. "When reasonable minds may differ on inferences drawn from the facts, the case must be submitted to the jury, and the [superior court] has no discretion to enter a judgment of acquittal." *State v. Lee*, 189 Ariz. 590, 603 (1997). Accordingly, the superior court did not err by denying Frazer's Rule 20 motion.

## CONCLUSION

¶13     For the foregoing reasons, we affirm Frazer's conviction and sentence.

