NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

DANIEL DUANE BOTSFORD, *Appellant.*

No. 1 CA-CR 18-0759
FILED 4-9-2020

---

Appeal from the Superior Court in Yavapai County
No.  P1300CR201701094
The Honorable Tina R. Ainley, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Jennifer L. Holder
*Counsel for Appellee*

The Zickerman Law Office, P.L.L.C., Flagstaff
By Adam Zickerman
*Counsel for Appellant*

## MEMORANDUM DECISION

Presiding Judge Kenton D. Jones delivered the decision of the Court, in which Judge James B. Morse Jr. and Judge Diane M. Johnsen[1] joined.

J O N E S, Judge:

¶1       Daniel Botsford appeals his conviction and sentence for aggravated driving under the influence (DUI).  Botsford argues the trial court erred by failing to inform him he could represent himself when it denied his request for new counsel.  Because a trial court has no affirmative duty to notify a defendant of his right to self-representation, we affirm the conviction and sentence.

## FACTS AND PROCEDURAL HISTORY

¶2       On November 5, 2016, a Yavapai County Sheriff's Office deputy stopped a vehicle traveling ten miles per hour under the speed limit.[2]  The deputy identified the driver as Botsford, whose driver's license was suspended.  After observing that Botsford's hands shook, his eyes were bloodshot and watering, and he smelled of marijuana, the deputy administered standardized field sobriety tests. Botsford's performance was consistent with impairment, and Botsford admitted having recently smoked marijuana.  The deputy obtained a warrant to take samples of

---

[1]       Judge Johnsen was a sitting member of this Court when the matter was assigned to this panel of the Court.  She retired effective February 28, 2020.  In accordance with the authority granted by Article 6, Section 3, of the Arizona Constitution and pursuant to Arizona Revised Statutes (A.R.S.) § 12-145, the Chief Justice of the Arizona Supreme Court has designated Judge Johnsen as a judge *pro tempore* in the Court of Appeals, Division One, for the purpose of participating in the resolution of cases assigned to this panel during her term in office.

[2]       "We view the facts in the light most favorable to sustaining the conviction[] with all reasonable inferences resolved against the defendant." *State v. Harm*, 236 Ariz. 402, 404, ¶ 2 n.2 (App. 2015) (quoting *State v. Valencia*, 186 Ariz. 493, 495 (App. 1996)).

Botsford's blood, which later tested positive for methamphetamine and amphetamine.

¶3      Botsford was charged with aggravated DUI.  The trial court appointed counsel to represent Botsford, and a two-day jury trial began in October 2018.  On the second day of trial, after the jury was empaneled and three of five witnesses had testified, Botsford made a request:

> THE DEFENDANT:  Yeah.  I'd like a new lawyer.
>
> THE COURT:  Okay.  Is there anything else you want to add to that, Mr. Botsford?
>
> THE DEFENDANT:  No.  He's just not doing anything for me.  Nothing is being brought up or nothing.
>
> THE COURT:  Mr. Botsford, when you asked for a trial, the attorney directs the trial with your input.  I've observed you communicating with [your attorney].  He knows the rules of court.  I've seen him take your suggestions.  I've seen him ask additional questions.  I've seen him not ask additional questions.  That's his role.  So while your request for an attorney is understood, it is denied.  I don't have any legal basis to grant that at this time.  You're not entitled to an attorney of your choice, Mr. Botsford.  [Your attorney] is doing what he's required to do in this case.
>
> THE DEFENDANT:  I thought I had a right to fire my lawyer at any time.
>
> THE COURT:  No.  You do not.  He's not a retained attorney.  If he was retained, you would have the right to fire him, but he's appointed.  And the only way I can appoint a different attorney for you is if communication is completely broken down.  And even then not in the middle of trial.  This is not the time to address that issue.

Botsford did not raise the issue again, and the same attorney represented Botsford for the duration of the proceedings.  At no point before, during, or after trial did Botsford express a desire to represent himself.

**¶4** The jury convicted Botsford of aggravated DUI. *See* A.R.S. §§ 28-1381(A)(3),[3] -1383(A)(1) (collectively describing the offense of aggravated DUI); *see also* A.R.S. § 13-3401(6)(c)(vi), (xxxviii) (defining methamphetamine and amphetamine as dangerous drugs). The trial court found that Botsford had two historical prior felony convictions, sentenced him as a non-dangerous, repetitive offender to the minimum term of eight years' imprisonment, and credited him with twenty-nine days of presentence incarceration. Botsford timely appealed, and we have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

**¶5** Botsford argues he was denied a fair trial because the trial court did not *sua sponte* inform him of his right to self-representation when it denied his request to change counsel. We review *de novo* whether a defendant was denied his constitutional right to self-representation. *See State v. Glassel*, 211 Ariz. 33, 50, ¶ 59 (2005).

**¶6** "In a criminal case, a defendant has a constitutional right to represent himself." *State v. Raseley*, 148 Ariz. 458, 461 (App. 1986) (citing U.S. Const. amend. VI; Ariz. Const. art. II, § 24; *Faretta v. California*, 422 U.S. 806, 819-21 (1975); and *State v. Hartford*, 130 Ariz. 422, 424 (1981)). But unlike the right to counsel, "[s]elf-representation does not further any fair trial interests and is protected solely out of respect for the defendant's personal autonomy." *State v. Hanson*, 138 Ariz. 296, 300 (App. 1983). "This right is afforded [to] the defendant *despite* the fact that its exercise will almost surely result in detriment to both the defendant and the administration of justice." *Id.* (quoting *People v. Salazar*, 141 Cal. Rptr. 753, 761 (Ct. App. 1977)). Therefore, "[t]he trial court ha[s] no obligation to advise [a defendant] of his right to proceed *pro se*." *Id.*

**¶7** To the contrary, a defendant wishing to represent himself has an affirmative duty to make an "unequivocal and timely" demand to proceed *pro se*. *Id.*; *see also State v. Lamar*, 205 Ariz. 431, 435-36, ¶ 22 (2003) ("To exercise [the right to self-representation], a defendant must voluntarily and knowingly waive his right to counsel and make an unequivocal and timely request to proceed *pro se*.") (citing *State v. De Nistor*, 143 Ariz. 407, 412 (1985)). To the extent Botsford suggests he made such a demand here, we disagree. Botsford only requested new counsel; he did not indicate any desire to waive his right to counsel or represent himself. And even if we

---

[3] Absent material changes from the relevant date, we cite the current version of rules and statutes.

believed otherwise, a request made on the second day of a two-day trial is not timely, and therefore within the trial court's discretion to deny. *State v. Cornell*, 179 Ariz. 314, 326 (1994) ("It is uniformly held that all motions for *pro per* status made after jury selection has begun are untimely. . . . Denial of a defendant's untimely motion is not an abuse of discretion.") (quotation and citations omitted); *accord De Nistor*, 143 Ariz. at 412-13. Accordingly, we find no error.

## CONCLUSION

¶8        Botsford's conviction and sentence are affirmed.



AMY M. WOOD • Clerk of the Court
FILED: AA