NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

JENNIFER ANN SCOTT, *Appellant*.

No. 1 CA-CR 22-0414
FILED 3-28-2023

Appeal from the Superior Court in Yavapai County
No. V1300CR820060048
The Honorable Michael R. Bluff, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Oliverson Law, PLLC, Tempe
By David Tangren
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Jennifer M. Perkins delivered the decision of the Court, in which Judge Angela K. Paton and Judge D. Steven Williams joined.

---

**P E R K I N S**, Judge:

¶1 Jennifer Ann Scott appeals her conviction of negligent child abuse. We received a brief from Scott's counsel in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after a diligent search of the record, counsel found no arguable question of law that was not frivolous. Scott had the opportunity to file a supplemental brief but did not. Counsel asks this court to search the record for reversible error. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). After reviewing the record, we affirm Scott's conviction and sentence.

## FACTS AND PROCEDURAL BACKGROUND

¶2 In November 2005, an officer from the Department of Public Safety stopped a vehicle occupied by Scott and her six-year-old son. Upon approach, the officer smelled "a very strong odor of burned marijuana that was coming from the passenger compartment[.]" The driver, Rustin Shinn, was arrested at the scene for driving under the influence of marijuana with a minor child in the vehicle. When questioned, Scott admitted she smoked marijuana with Shinn earlier in the day. She was not arrested at the scene, but in January 2006, a grand jury indicted her on one count of child abuse for causing a child less than 15 years of age and under her care to be placed in a dangerous situation. *See* A.R.S. §§ 13-3623(B)(3), 13-701, 13-702, 13-801.

¶3 Scott's release conditions gave notice of her right to be present at future proceedings and a warning that her trial could continue in her absence. She appeared at all pretrial conferences. In May 2006, Scott moved to amend the conditions of her release, specifically asking the court to allow her to travel to and from Michigan, her planned permanent residence. Scott stated she understood the conditions of release and her upcoming court obligations. The court granted her motion.

¶4 The August 2006 trial proceeded without Scott because she could not afford travel back to Arizona. The court began with a

voluntariness hearing about Scott's statements to the responding officer and concluded the statements were voluntary. At the end of the two-day trial, the jury unanimously found Scott guilty of negligent child abuse. The court subsequently issued a warrant for her arrest.

¶5            The outstanding warrant lingered for nearly 16 years. Then, in July 2022, Scott moved to quash the warrant and proceed with sentencing. The court ordered a presentencing report and conducted a sentencing hearing. The court sentenced her to 30 months of probation with 120 days of on-order jail time, probation service fees, and 100 hours of community service. Scott timely appealed.

## DISCUSSION

¶6            We take the facts from the record at trial and view those facts in the light most favorable to sustaining the convictions. *State v. Harm*, 236 Ariz. 402, 404 n.2 (App. 2015). We have read and considered counsel's brief and reviewed the entire record for reversible error. *See Leon*, 104 Ariz. at 300. We identified none.

¶7            The record reflects the superior court afforded Scott all her constitutional and statutory rights, and the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure. Scott was represented by counsel at all critical stages, and her presence at trial was voluntarily waived. *See* Ariz. R. Crim. P. 9.1; *State v. Dann*, 205 Ariz. 557, 571–72, ¶¶ 53–54 (2003) (a defendant's absence is presumptively voluntary when she had personal notice of: the time of the proceeding, her right to be present at the proceeding, and a warning that the proceeding would go forward in her absence).

¶8            The court properly instructed the jury on the elements of the charged offense, the State's burden of proof, and Scott's presumption of innocence. At sentencing, Scott had the opportunity to be heard, and the court stated on the record the evidence and factors it considered in imposing the sentences. *See* Ariz. R. Crim. P. 26.9, 26.10. Our review reveals no fundamental error. *See Leon*, 104 Ariz. at 300 ("An exhaustive search of the record has failed to produce any prejudicial error.").

## CONCLUSION

¶9            We affirm Scott's conviction and sentence. Counsel has "diligently investigated the possible grounds for appeal" and is permitted to withdraw. *Anders*, 386 U.S. at 741–42. Counsel must inform Scott of this decision and her future options before withdrawing. *State v. Shattuck*, 140

Ariz. 582, 584–85 (1984). Scott has 30 days from the date of this decision to proceed, if she wishes, with a *pro per* motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA