NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ROGER TYRONE PORTER, *Appellant.*

No. 1 CA-CR 16-0814
FILED 3-15-2018

Appeal from the Superior Court in Maricopa County
No. CR2015-126668-001
The Honorable Mark H. Brain, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa Public Defender's Office, Phoenix
By Kevin D. Heade
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge James B. Morse Jr. joined.

**J O N E S**, Judge:

¶1        Roger Porter appeals his conviction and sentence for misconduct involving weapons. After searching the entire record, Porter's defense counsel identified no arguable question of law that is not frivolous. Therefore, in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), defense counsel asked this Court to search the record for fundamental error. Porter was granted an opportunity to file a supplemental brief *in propria persona* and did not do so. After reviewing the entire record, we find no error. Accordingly, Porter's conviction and sentence is affirmed.

**FACTS AND PROCEDURAL HISTORY**

¶2        On June 11, 2015, a federal law enforcement agent conducted a high-risk traffic stop in Phoenix after receiving information that the passenger of the vehicle, Porter, was armed and dangerous.[1] After Porter was removed from the vehicle, he admitted he was a prohibited possessor and had a weapon. The agent retrieved a revolver from Porter's right front pants pocket. When asked if he had any other weapons, Porter admitted he had some ammunition. The agent then retrieved bullets from Porter's left front pants pocket.

¶3        Porter was arrested and transported to the police station for an interview. During transport, Porter spontaneously claimed ownership of everything within the vehicle that had been stopped. Before questioning began, Porter admitted he was a "prohibited possessor" and had possession of a ".38" and "some bullets." After being advised of his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436, 444-45 (1966), Porter again admitted he was

---

[1]        "We view the facts in the light most favorable to sustaining the conviction[] with all reasonable inferences resolved against the defendant." *State v. Harm*, 236 Ariz. 402, 404 n.2, ¶ 2 (App. 2015) (quoting *State v. Valencia*, 186 Ariz. 493, 495 (App. 1996)).

a prohibited possessor and had had the gun for two or three days, "just to have [it]."

**¶4** Porter was indicted on several counts, but the State proceeded to trial on only one count of misconduct involving weapons. At the close of the State's case, Porter moved unsuccessfully for judgment of acquittal, and the jury convicted him of misconduct involving weapons. During the aggravation phase, the State proved Porter had five prior felony convictions. The trial court sentenced Porter as a non-dangerous, repetitive offender to the presumptive term of ten years' imprisonment and credited him with 513 days' presentence incarceration. Porter timely appealed, and we have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) §§ 12-120.21(A)(1),[2] 13-4031, and -4033(A)(1).

## DISCUSSION

**¶5** Our review reveals no fundamental error. *See Leon*, 104 Ariz. at 300 ("An exhaustive search of the record has failed to produce any prejudicial error."). As relevant here, a person commits misconduct involving weapons by "knowingly . . . [p]ossessing a deadly weapon or prohibited weapon if such person is a prohibited possessor." A.R.S. § 13-3102(A)(4). Sufficient evidence was presented for the jury to conclude beyond a reasonable doubt that Porter was a prohibited possessor, yet he knowingly possessed a deadly weapon — the gun that was found in his pocket. *See* A.R.S. § 13-3101(A)(1) (defining deadly weapon to include "anything that is designed for lethal use . . . includ[ing] a firearm").

**¶6** All the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, Porter was represented by counsel at all stages of the proceedings and was present at all critical stages including the entire trial and the verdict. *See State v. Conner*, 163 Ariz. 97, 104 (1990) (right to counsel at critical stages) (citations omitted); *State v. Bohn*, 116 Ariz. 500, 503 (1977) (right to be present at critical stages). The jury was properly comprised of eight jurors, and the record shows no evidence of jury misconduct. *See* A.R.S. § 21-102(B); Ariz. R. Crim. P. 18.1(a). The trial court properly instructed the jury on the elements of the charged offense, the State's burden of proof, and Porter's presumption of innocence. At sentencing, Porter was given an opportunity to speak, and the court stated on the record the evidence and materials it considered and

---

[2]    Absent material changes from the relevant date, we cite a statute's current version.

the factors it found in imposing the sentence. *See* Ariz. R. Crim. P. 26.9, 26.10. Additionally, the sentence imposed was within the statutory limits. *See* A.R.S. § 13-703(J).[3]

**CONCLUSION**

¶7        Porter's conviction and sentences are affirmed.

¶8        Defense counsel's obligations pertaining to Porter's representation in this appeal have ended. Defense counsel need do no more than inform Porter of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for submission to our supreme court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).

¶9        Porter has thirty days from the date of this decision to proceed, if he wishes, with an *in propria persona* petition for review. *See* Ariz. R. Crim. P. 31.21. Upon the Court's own motion, we also grant Porter thirty days from the date of this decision to file an *in propria persona* motion for reconsideration.

---

[3]        The record reflects Porter was arrested and incarcerated on June 11, 2015 and held until sentencing on November 4, 2016, for a total of 512 days' presentence incarceration. Although the trial court erroneously gave Porter credit for 513 days of presentence incarceration, the error was in Porter's favor and is, therefore, not fundamental because it did not prejudice him. *See State v. Henderson*, 210 Ariz. 561, 567, ¶¶ 19-20 (2005) (explaining fundamental error is error that both goes to the foundation of the case and prejudices the defendant).