NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

SHAUN MICHAEL SANTISTEVAN, *Appellant.*

No. 1 CA-CR 17-0175
FILED 6-5-2018

Appeal from the Superior Court in Maricopa County
No. CR2016-125565-001
The Honorable Joan M. Sinclair, Judge

**AFFIRMED**

COUNSEL

Wendy L. Mays, Attorney at Law, Phoenix
By Wendy L. Mays
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

## MEMORANDUM DECISION

Judge James P. Beene delivered the decision of the Court, in which Presiding Judge Jon W. Thompson and Judge Peter B. Swann joined.

**B E E N E**, Judge:

**¶1**          This appeal was timely filed in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969) following Shaun Michael Santistevan's ("Santistevan") conviction for aggravated assault, a class 3 dangerous felony.  Santistevan's counsel searched the record on appeal and found no arguable question of law that is not frivolous.  *See State v. Clark*, 196 Ariz. 530 (App. 1999).  Counsel now asks us to search the record for fundamental error.  After reviewing the entire record, we affirm Santistevan's conviction and sentence.

### FACTS[1] AND PROCEDURAL HISTORY

**¶2**          On May 29, 2016, S.W., the victim, was walking through a parking lot behind several buildings when he encountered Santistevan. Santistevan asked S.W. for a cigarette.  S.W. sat next to Santistevan and was rolling a cigarette from his pouch of tobacco when Santistevan said, "Just let me get the whole pouch."  S.W. responded, "I don't owe you anything. This is all I got."  S.W. then noticed Santistevan was wearing brass knuckles. When S.W. stood up to leave, Santistevan hit him in the back of the head. S.W. fell to the ground, and Santistevan struck S.W. in the head several more times before he could run away.

**¶3**          S.W. fled to a nearby Circle K where the cashier called the police to inform them of the incident.  When the police arrived at the scene, S.W. was "actively bleeding."  One officer felt the lacerations on the back of S.W.'s head and determined that it was consistent with being hit with brass knuckles.  S.W. gave the police a description of Santistevan.  Another officer located Santistevan based on that description and several officers detained

---

[1]      "We review the facts in the light most favorable to sustaining the convictions with all reasonable inferences resolved against the defendant." *State v. Harm*, 236 Ariz. 402, 404 n.2, ¶¶ 2-3 (App. 2015) (citation omitted).

him. While Santistevan was detained, S.W. identified him as the assailant. Santistevan was then arrested.

¶4      Santistevan was charged with one count of aggravated assault, a class 3 dangerous felony. Santistevan proceeded to trial and was found guilty on that count. Santistevan was sentenced to a mitigated term of 6.5 years' incarceration for aggravated assault. Santistevan timely appealed his conviction. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes sections 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

¶5      The record reflects no fundamental error in pretrial or trial proceedings. Santistevan either waived his right to counsel or was represented by counsel at all critical stages of the proceedings. He was also present at all critical stages of the proceedings. The superior court conducted a *Donald*[2] hearing in Santistevan's presence.

¶6      Having waived his right to counsel, Santistevan represented himself at trial and was assisted by advisory counsel. The jury was properly composed of eight jurors and two alternates. The State presented direct and circumstantial evidence sufficient for a reasonable jury to convict. The court appropriately instructed the jury on the elements of the charge. The key instructions concerning burden of proof, presumption of innocence, reasonable doubt, and the necessity of a unanimous verdict were also properly administered. The jury returned a unanimous guilty verdict.

¶7      The superior court received a presentence report, accounted for aggravating and mitigating factors, and provided Santistevan an opportunity to speak at sentencing. The court properly imposed a legal sentence for the crime of which he was convicted.

## CONCLUSION

¶8      We have reviewed the entire record for reversible error and find none; therefore, we affirm the conviction and resulting sentence.

¶9      After the filing of this decision, defense counsel's obligation pertaining to Santistevan's representation in this appeal will end. Defense counsel need do no more than inform Santistevan of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue

---

2      *State v. Donald*, 198 Ariz. 406 (App. 2000).

appropriate for submission" to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). On the Court's own motion, Santistevan has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* motion for reconsideration. Further, Santistevan has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA