NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

CHRISTOPHER ROBERT RALSTON, *Appellant.*

No. 1 CA-CR 17-0289
FILED 7-10-2018

Appeal from the Superior Court in Maricopa County
No. CR2015-152413-001
The Honorable Mark H. Brain, Judge

**AFFIRMED**

COUNSEL

Bain & Lauritano, PLC, Glendale
By Sheri M. Lauritano
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

---

## MEMORANDUM DECISION

Judge James P. Beene delivered the decision of the Court, in which Acting Presiding Judge Kenton D. Jones and Judge James B. Morse Jr. joined.

---

**B E E N E**, Judge:

**¶1**      This appeal was timely filed in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969) following Christopher Robert Ralston's ("Ralston") conviction for assault, a class 1 misdemeanor. Ralston's counsel searched the record on appeal and found no arguable question of law that is not frivolous. *See State v. Clark*, 196 Ariz. 530 (App. 1999). Ralston has been afforded an opportunity to file a supplemental brief *in propria persona*, but he has not done so. Counsel now asks us to search the record for fundamental error. Finding no revisable error, we affirm Ralston's conviction and sentence.

### FACTS[1] AND PROCEDURAL HISTORY

**¶2**      Ralston was charged with one count of aggravated assault and one count of unlawful imprisonment, both class six felonies and domestic violence offenses. The State subsequently moved to amend the complaint to dismiss the unlawful imprisonment charge and amend the aggravated assault charge to assault as a class one misdemeanor. The court granted the State's unopposed motion and set a bench trial for December 8, 2016.

**¶3**      At trial, a witness testified that she saw a man and a woman arguing in a convenience store parking lot. The argument escalated, the man began punching the woman, and then he got in his truck and drove away. The witness could not identify Ralston, but she identified the victim.

**¶4**      The victim testified that she was Ralston's girlfriend. Ralston confronted her in the parking lot outside of her work. She drove away, but he followed her to the convenience store parking lot. He approached her car and began hitting her, yelled profanities, tried to grab her purse, and

---

[1]     We review the facts in the light most favorable to sustaining the verdict. *State v. Harm*, 236 Ariz. 402, 404 n.2, ¶¶ 2-3 (App. 2015) (citation omitted).

took her car keys.  After this confrontation, he turned to walk back to his truck, and the victim asked him to give her car keys back.  Ralston approached the victim's car again and punched her in the eye.

¶5        After considering the evidence presented, the superior court found Ralston guilty of assault, a class one misdemeanor and a domestic violence offense.  The court sentenced him to six months' imprisonment.  This timely appeal followed.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

¶6        The record reflects no fundamental error in pretrial or trial proceedings.  Ralston was represented by counsel and present at all critical stages in the proceedings.  The superior court conducted two *Donald*[2] hearings in Ralston's presence.

¶7        The State presented direct and circumstantial evidence sufficient for the court to find that Ralston committed the offense.  At sentencing, the State initially recommended that the court impose a term of six months' imprisonment and a deferred term of six months' imprisonment contingent on successful completion of three years probation.  The court rejected the recommendation, stating that six months' imprisonment is the maximum term for a misdemeanor.  The State amended its recommendation.  The court's disposition was within statutory limits.  *See* A.R.S. § 13-707(A)(1).

¶8        After sentencing, Ralston filed a motion to amend his sentence, arguing that he was not provided with proper medical care while incarcerated.  The court properly denied the motion because it did not contain "the precise legal points, statutes, and authorities relied upon" for relief as required by Arizona Rule of Criminal Procedure 35.1(a) (2017).[3]

## CONCLUSION

¶9        We have reviewed the entire record for reversible error and find none; therefore, we affirm the conviction and resulting sentence.

---

[2]        *State v. Donald*, 198 Ariz. 406 (App. 2000).

[3]        Arizona Rule of Criminal Procedure ("Rule") 35.1 was replaced by Rule 1.9 in January 2018 but remains substantially the same.

¶10      After the filing of this decision, defense counsel's obligation pertaining to Ralston's representation in this appeal will end. Defense counsel need do no more than inform Ralston of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). On the Court's own motion, Ralston has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* motion for reconsideration. Further, Ralston has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA