NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

DONALD DUANE GRAFF, JR., *Appellant.*

No. 1 CA-CR 17-0642
FILED 10-30-2018

---

Appeal from the Superior Court in Maricopa County
No. CR2016-119982-001
The Honorable Justin Beresky, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Paul J. Prato
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Peter B. Swann joined.

---

**P E R K I N S**, Judge:

¶1 Donald Graff appeals his conviction and sentence for possession of dangerous drugs, a class 4 felony. In accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), counsel advised the Court that he has searched the entire record and found no arguable question of law, and now requests this Court search the record for fundamental error. Graff was given the opportunity to file a supplemental brief *in propria persona* but elected not to. We have reviewed the record and briefs and found no error. Accordingly, Graff's conviction and resulting sentence are affirmed.

**FACTUAL AND PROCEDURAL BACKGROUND**

¶2 In September 2015, a Mesa police detective observed three males at a motel. The detective contacted the three males and, while speaking with them, asked if they would consent to a search. A man who identified himself as Graff consented to a search of his person. While conducting a pat-down search, the detective noticed a bulge in Graff's sock. Before removing the item, the detective asked Graff what was in his sock and Graff responded that the item was methamphetamine. The detective removed the item from Graff's sock and identified it as a plastic bag containing a crystalline substance the detective believed was methamphetamine.

¶3 The State charged Graff with possession of dangerous drugs, a class 4 felony. At trial, the detective testified to his experience as a police officer and his September encounter with Graff. The detective also identified Graff as the person he encountered in September based on a photograph of Graff. In addition, a Mesa police department forensic scientist testified that she received an evidence bag containing a smaller bag with a crystalline substance in it and tested the substance. The forensic scientist performed several chemical tests on the substance and identified it as methamphetamine based on the chemical test results and her experience.

The forensic scientist and detective identified the evidence bag as the item the detective seized and the forensic scientist tested.

¶4　　　　The jury found Graff guilty as charged. The State alleged and proved four prior felony convictions. The court sentenced Graff to 8 years imprisonment.

## DISCUSSION

¶5　　　　On appeal, we view the facts, as reflected in the record, in the light most favorable to sustaining the convictions. *State v. Harm*, 236 Ariz. 402, 404 n.2, ¶ 3 (App. 2015). Our review reveals no reversible error. *See Leon*, 104 Ariz. at 300–01 (describing our *Anders* review process). An individual is guilty of possession of dangerous drugs if, as relevant here, the individual knowingly possesses a dangerous drug. *See* Ariz. Rev. Stat. ("A.R.S.") §§ 13-3401(6), -3407(A)(1) (2018).

¶6　　　　Graff was charged with possession of methamphetamine, a dangerous drug under A.R.S. § 13-3401(6). The record reveals sufficient evidence upon which the jury could determine, beyond a reasonable doubt, that Graff is guilty of the charged offense. The record further reflects that all proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure and that Graff was represented by counsel at all stages of the proceedings. *See State v. Conner*, 163 Ariz. 97, 104 (1990) (right to counsel). Graff was present at sentencing and for some pretrial proceedings, however, Graff voluntarily absented himself from trial. *State v. Bohn*, 116 Ariz. 500, 503 (1977) (right to be present at critical stages). The jury was properly composed of eight jurors and the record shows no evidence of jury misconduct. *See* A.R.S. § 21-201 (2018); Ariz. R. Crim. P. 18.1(a). The court properly instructed the jury on the elements of the charged offense, the State's burden of proof, and Graff's presumption of innocence. At sentencing, Graff had the opportunity to speak and the court stated, on the record, the factors it considered in imposing Graff's sentence. Ariz. R. Crim. P. 26.9, 26.10. The sentence imposed was within the statutory limits. *See* A.R.S. §§ 13-701 to -709.

## CONCLUSION

¶7　　　　This Court has read and considered counsel's brief and searched the record provided for reversible error, and has found no arguable issue. *State v. Clark*, 196 Ariz. 530, 538, ¶ 36 (App. 1999) (in an *Anders* appeal, "the court itself reviews the record for reversible error"). Accordingly, Graff's conviction and resulting sentence are affirmed.

**¶8** Upon filing of this decision, defense counsel is directed to inform Graff of the status of the appeal and of his future options. Defense counsel has no further obligations unless, upon review, counsel identifies an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Graff shall have 30 days from the date of this decision to proceed, if he desires, with an *in propria persona* motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA