NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JENNIFER EILEEN PAULSON, *Appellant.*

Nos. 1 CA-CR 18-0164
1 CA-CR 18-0168
(Consolidated)
FILED 1-3-2019

Appeal from the Superior Court in Maricopa County
Nos.  CR2016-001845-001
CR2016-001792-002
The Honorable Peter A. Thompson, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Legal Defender's Office, Phoenix
By Cynthia Dawn Beck
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Presiding Judge Jennifer M. Perkins delivered the decision of the Court, in which Judge Lawrence F. Winthrop and Judge Jon W. Thompson joined.

---

**P E R K I N S**, Judge:

**¶1**        Jennifer Paulson appeals her convictions for six felonies and their resulting sentences from 2017. After searching the entire record, Paulson's counsel identified no arguable, non-frivolous questions of law and requested this Court search the record for fundamental error. *See Anders v. California*, 386 U.S. 738 (1967); *State v. Leon*, 104 Ariz. 297 (1969). Paulson was given the opportunity to file a supplemental brief *in propria persona* but chose not to. We have reviewed the record and briefs and found no reversible error. Accordingly, Paulson's convictions and resulting sentences are affirmed.

### FACTUAL AND PROCEDURAL BACKGROUND

**¶2**        Victim S.O. contacted Detective Huseinovic of the Glendale Police Department and he initiated an investigation into reported identity theft related to a residential address in Glendale. Huseinovic contacted Postal Inspector Kaminski with the information he received from S.O. in order to determine what type of mail was being sent to the address given by S.O. Kaminski spoke with the postal carrier responsible for delivering mail to the Glendale address, inspected the mail at the post office awaiting delivery, and determined that two pieces of mail destined for the address were not addressed to anyone living at the residence, which was later discovered to be Paulson's residence. At Paulson's trial, Kaminski testified that the two unusual pieces of mail destined for Paulson's residence were an advertisement addressed to S.O. and a letter from a credit card center in Texas addressed to victim P.R.

**¶3**        Kaminski contacted P.R. who stated that she did not know anyone at Paulson's address. Kaminski also contacted the credit card company and discovered that a credit card had been applied for in P.R.'s name and sent to Paulson's residence. Kaminski contacted the Glendale Police Department and jointly applied for a search warrant for Paulson's residence. Kaminski executed the warrant with Huseinovic and other law enforcement officers in July 2015.

¶4 During the search, Kaminski interviewed Paulson, who admitted she lived at the residence, had applied for and used a credit card in S.O.'s name, attempted to pay another credit card bill with a fraudulent check, and possessed and used methamphetamine, including methamphetamine discovered in her purse during the search of the residence. Kaminski also testified that officers discovered pictures on Paulson's phone that included S.O.'s personal information and P.R.'s driver's license and social security card. Kaminski additionally found a number of items in Paulson's purse, located inside Paulson's home, including: a temporary Arizona driver's license in S.O.'s name but with Paulson's picture; a check payable to S.O.; and a credit card in S.O.'s name.

¶5 Kaminski also recovered a laptop from Paulson's home. A search of Paulson's laptop revealed a number of files or programs on the laptop including: a payroll check made out to S.O.; a credit card application notice addressed to P.R.; a picture of P.R.'s driver's license; an Arizona temporary driver's license in P.R.'s name with a picture of Paulson; a photocopy of a check payable to Renee Picard in the amount of $1,500.00; a check payable to a consumer credit company in the amount of $3,127.00; a blank check drawn off a New Jersey corporation's account; a blank check drawn on an Arizona company's account; and check making software. Finally, Kaminski discovered drug paraphernalia in Paulson's exterior trash can and a white crystalline powder, later determined by laboratory testing to be methamphetamine, concealed in a feminine hygiene product found in Paulson's purse.

¶6 The State initially charged Paulson with: taking the identity of another, a class 4 felony; forgery, a class 4 felony; and possession of a dangerous drug, methamphetamine, a class 4 felony. On Paulson's motion, the trial court consolidated those charges with additional charges stemming from the search of Paulson's home. The State filed an amended indictment adding charges of fraudulent schemes and artifices, a class 2 felony; aggravated taking the identity of another, a class 3 felony; and two additional class 4 felony forgery charges.

¶7 At trial, Paulson's accomplice, Renee Picard, testified that Paulson offered to provide Picard with some checks to cash if Picard wanted to make extra money. Picard provided Paulson with sufficient personal information to make out fraudulent checks in Picard's name and later went to Paulson's house. When Picard arrived at Paulson's home, Paulson provided Picard with checks made out to Picard. Picard and Paulson then went to a check cashing business where Picard cashed the check and then split the money with Paulson. If the check cashing business

ever required additional information, particularly for payroll checks, Picard would give the business a phone number, which she falsely listed as a manager or human resources number; Paulson would then be ready to answer and verify Picard's information. Finally, Picard testified that, during February 2015, Paulson gave her a series of checks totaling more than $2,000, which they cashed at a particular check cashing business.

¶8        The jury found Paulson guilty in absentia on all charges, with the exception of one forgery charge. The State alleged multiple aggravating factors and the jury found between one and three aggravating factors for each of Paulson's convictions. Later, when Pauslon was taken into custody, the court held a separate sentencing hearing at which the court found Paulson had multiple historical prior felony convictions. *See* Ariz. Rev. Stat. ("A.R.S.") § 13-105(22). As a category three repeat offender with respect to all six counts, the court sentenced Paulson to 22 years imprisonment for count 1 and 12 years for counts 2, 4, 5, 6, and 7. The court ordered all six sentences run concurrently.

## DISCUSSION

¶9        On appeal, we view the facts, as reflected in the record, in the light most favorable to sustaining the convictions. *State v. Harm*, 236 Ariz. 402, 404 n.2, ¶ 3 (App. 2015). Our review reveals no reversible error. *See Leon*, 104 Ariz. at 300–01 (describing our *Anders* review process).

¶10        The record reveals sufficient evidence upon which the jury could determine, beyond a reasonable doubt, that Paulson is guilty of the charged offenses. The record further reflects that all proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure, that Paulson was represented by counsel at all stages of the proceedings, and was either present at, or had voluntarily absented herself from, all critical stages, including the entire trial and verdict. *See State v. Conner*, 163 Ariz. 97, 104 (1990) (right to counsel); *State v. Bohn*, 116 Ariz. 500, 503 (1977) (right to be present at critical stages). Though Paulson voluntarily absented herself from the final day of trial, she was present for sentencing. The jury was properly composed of twelve jurors and the record shows no evidence of jury misconduct. *See* A.R.S. § 21-102(B) (2018); Ariz. R. Crim. P. 18.1(a). The court properly instructed the jury on the elements of the charged offenses, the State's burden of proof, and Paulson's presumption of innocence. At sentencing, Paulson had the opportunity to speak on her behalf, but chose not to, and the court stated, on the record, the factors it considered in imposing the sentences. Ariz. R. Crim. P. 26.9, 26.10. The

sentences imposed were within the statutory limits. *See* A.R.S. §§ 13-701 to -709.

**CONCLUSION**

**¶11**      This Court has read and considered counsel's brief, searched the record provided for reversible error, and has found no arguable issue. *State v. Clark*, 196 Ariz. 530, 538, ¶ 36 (App. 1999) (in an *Anders* appeal, "the court itself reviews the record for reversible error"). Accordingly, Paulson's convictions and resulting sentences are affirmed.

**¶12**      Upon filing of this decision, defense counsel is directed to inform Paulson of the status of the appeal and of her future options. Defense counsel has no further obligations unless, upon review, counsel identifies an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Paulson shall have 30 days from the date of this decision to proceed, if she desires, with an *in propria persona* motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:  AA