NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

TERRY JACK FULTON, *Appellant*.

No. 1 CA-CR 18-0195
FILED 3-12-2019

Appeal from the Superior Court in Maricopa County
No. CR2015-148901-001
The Honorable Mark H. Brain, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Michael J. Dew, Phoenix
*Counsel for Appellant*

**MEMORANDUM DECISION**

Presiding Judge Jennifer M. Perkins delivered the decision of the Court, in which Judge Lawrence F. Winthrop and Judge Jon W. Thompson joined.

**P E R K I N S**, Judge:

¶1     Terry Jack Fulton appeals his convictions and sentences for one count of possession of a dangerous drug for sale, one count of possession of marijuana, and one count of possession of drug paraphernalia. After searching the entire record, Fulton's counsel identified no arguable, non-frivolous questions of law. In accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969), Fulton's counsel advised this Court that he has found no arguable question of law and requested that we search the record for fundamental error. Fulton was given an opportunity to file a supplemental brief *in propria persona*, but has not done so. We have reviewed the record and found no reversible error. Accordingly, Fulton's convictions and sentences are affirmed.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2     On October 20, 2015, Mesa Police served a search warrant on Fulton's trailer. While searching the trailer, officers found a small bag that contained 3.1 grams of methamphetamine, a marijuana water pipe, and a lock box.

¶3     Police pried open the lock box and found three baggies containing a total of 80.9 grams of methamphetamine and three bags containing a "leafy substance," one of which later tested positive as five grams of marijuana. Police also found a digital scale with drug residue, multiple small clear bags which officers later testified are typically used to split up large quantities of drugs into 100-200 milligram portions, multiple glass pipes, and $11,900 in cash. Finally, officers found several items inside the lock box that identified Fulton, including four cashier's checks made payable to "Jack Fulton," a W-2 form for casino winnings made out to Fulton, and an Arizona Department of Transportation registration form in the name of Terry Jack Fulton for a vehicle with a license plate number that matched the number on Fulton's trailer.

¶4     During the search of the trailer, a detective saw Fulton pulling into the trailer park in his truck. The detective arrested Fulton and officers

transported him to a holding facility. Officers discovered a key to the lock box in Fulton's possession when he was arrested.

¶5        The State charged Fulton with possession of dangerous drugs for sale, a class 2 felony, possession of marijuana, a class 6 felony, and possession of drug paraphernalia, a class 6 felony. The State additionally charged Fulton with another drug-related charge, but that charge was dismissed and is not subject to this appeal. During Fulton's four-day trial, the State presented testimony and evidence showing that Fulton lived in and owned the trailer, controlled the lock box within the trailer, owned and intended to sell the drugs within the lock box, and used or intended to use the digital measuring scale within the lock box to package or repackage drugs for sale. The jury found Fulton guilty on each count and separately found two aggravating circumstances. The court sentenced Fulton to concurrent terms of imprisonment within the statutory range for each count, the longest of which was twelve years.

## DISCUSSION

¶6        On appeal, we view the facts, as reflected in the record, in the light most favorable to sustaining the convictions. *State v. Harm*, 236 Ariz. 402, 404 n.2 (App. 2015). Our review reveals no fundamental error. *See Leon*, 104 Ariz. at 299–300 (describing our *Anders* review process). An individual is guilty of possession of a dangerous drug for sale if: (1) he knowingly possessed a dangerous drug; (2) the substance was, in fact, a dangerous drug; and (3) the possession was for purposes of sale. Ariz. Rev. Stat. ("A.R.S.") § 13-3407(A)(2). An individual is guilty of possession of marijuana if he knowingly possessed marijuana and the substance was, in fact, marijuana. A.R.S. § 13-3405(A)(1). An individual is guilty of possession of drug paraphernalia if he used, or possessed with the intent to use, drug paraphernalia, including "scales and balances" and other equipment used or intended to be used to pack or repack a dangerous drug. A.R.S. § 13-3415(A), (F)(2). Our review of the record reveals sufficient evidence which would allow a jury to determine, beyond a reasonable doubt, that Fulton is guilty of the charged offenses.

¶7        The record reflects that all proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure, that Fulton was represented by counsel at all stages of the proceedings, and was present at all critical stages, including the entire trial and the verdict. *See State v. Conner*, 163 Ariz. 97, 104 (1990) (right to counsel); *State v. Bohn*, 116 Ariz. 500, 503 (1977) (right to be present at critical stages). The jury was properly composed of twelve jurors, and the record shows no evidence of jury

misconduct. A.R.S. § 21-102; Ariz. R. Crim. P. 18.1(a). The court properly instructed the jury on the elements of the charged offense, the State's burden of proof, and Fulton's presumption of innocence. At sentencing, Fulton had the opportunity to speak, and the court stated on the record the factors it found in imposing the sentences. Ariz. R. Crim. P. 26.9, 26.10. The sentences imposed were within the statutory limits. *See* A.R.S. § 13-701 to -709.

## CONCLUSION

**¶8**      This Court has read and considered counsel's brief and has searched the provided record for fundamental error and has found none. *Leon*, 104 Ariz. at 300; *Clark*, 196 Ariz. at 537, ¶ 30. Accordingly, Fulton's convictions and resulting sentences are affirmed.

**¶9**      Upon filing of this decision, defense counsel is directed to inform Fulton of the status of the appeal and of his future options. Defense counsel has no further obligations unless, upon review, counsel identifies an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Fulton shall have 30 days from the date of this decision to proceed, if he desires, with motion for reconsideration or petition for review *in propria persona*.

