NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA,
*Appellee*,

*v.*

AGUSTIN GOMEZ,
*Appellant*.

No. 1 CA-CR 21-0090
FILED 11-16-2021

---

Appeal from the Superior Court in Yavapai County
No. P1300CR201900844
The Honorable James B. Morse, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Law Offices of Stephen L. Duncan P.L.C., Scottsdale
By Stephen Duncan
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the Court's decision, in which Presiding Judge Peter B. Swann, and Judge David D. Weinzweig joined.

---

**M c M U R D I E**, Judge:

**¶1**       Agustin Gomez appeals from his convictions and sentences for aggravated assault and perjury. Gomez's counsel filed a brief per *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969), certifying that he found no arguable question of law that was not frivolous after a diligent search of the record. We allowed Gomez to file a supplemental brief, but he did not do so. Counsel asks this court to search the record for arguable issues. *See Penson v. Ohio*, 488 U.S. 75 (1988); *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). After reviewing the record, we affirm Gomez's convictions and sentences.

**FACTS[1] AND PROCEDURAL BACKGROUND**

**¶2**       Gomez struck his friend Robert Kline in the face, breaking his nose. Gomez was taken into custody the next day. As part of the booking process, he was asked to complete an optional release questionnaire. On the questionnaire, he certified under the penalty of perjury that he had never failed to appear after being released pending trial.

**¶3**       Gomez was charged with aggravated assault and perjury, both class four felonies. Before the trial, the superior court ordered a competence evaluation under Arizona Rule of Criminal Procedure 11. The court found Gomez competent to stand trial.

**¶4**       The state presented testimony from the victim, the doctor who treated him, and the officers who responded to the call and booked Gomez into jail. And the parties stipulated that Gomez was convicted for failing to appear in 2018.

---

[1]       We view the facts in the light most favorable to upholding the verdicts and resolve all reasonable inferences against the defendant. *State v. Harm*, 236 Ariz. 402, 404, ¶ 2, n.2 (App. 2015) (citing *State v. Valencia*, 186 Ariz. 493, 495 (App. 1996)).

**¶5**      The jury convicted Gomez on both counts. At the sentencing, the court found that Gomez had two prior felony convictions and the convictions were aggravating factors. The court also found several mitigating factors and sentenced Gomez to a slightly mitigated term of eight years' imprisonment on each count. The court ordered the sentences to run concurrently, and Gomez received presentence-incarceration credit for 621 days.

## DISCUSSION

**¶6**      We have read and considered counsel's brief and have reviewed the record for arguable issues. *See Leon*, 104 Ariz. at 300. We find none.

**¶7**      Gomez was present and represented by counsel at all stages of the proceedings against him. The record reflects the superior court afforded Gomez his constitutional and statutory rights and conducted the proceedings following the Arizona Rules of Criminal Procedure. The court held appropriate pretrial hearings, and the evidence presented at trial and summarized above was sufficient to support the jury's verdicts. Gomez's sentences fall within the range prescribed by law, with proper presentence-incarceration credit.

## CONCLUSION

**¶8**      We affirm Gomez's convictions and sentences. After the filing of this decision, defense counsel's obligations pertaining to Gomez's representation in this appeal will end after informing Gomez of this appeal's outcome and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).



AMY M. WOOD • Clerk of the Court
FILED:    AA