NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JAMES FREDRICK NEEL, *Appellant.*

No. 1 CA-CR 22-0073
FILED 1-12-2023

Appeal from the Superior Court in Yavapai County
No. P1300CR202000233
The Honorable Krista M. Carman, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Law Office of Nicole Countryman, Phoenix
By Nicole Countryman
*Counsel for Appellant*

MEMORANDUM DECISION

Judge Brian Y. Furuya delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge Jennifer M. Perkins joined.

FURUYA, Judge:

¶1        This is an appeal under *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for defendant James Neel advised this court that she has found no arguable question of law after searching the entire record and asks this court to conduct an *Anders* review. Neel was given the opportunity to file a supplemental brief but did not do so. We have reviewed counsel's brief and the record and have found no reversible error. Accordingly, Neel's convictions and resulting sentences are affirmed.

¶2        "We view the facts in the light most favorable to sustaining the convictions with all reasonable inferences resolved against the defendant." *State v. Harm*, 236 Ariz. 402, 404 ¶ 2 n.2 (App. 2015), quoting *State v. Valencia*, 186 Ariz. 493, 495 (App. 1996).

¶3        On February 9, 2020, law enforcement responded to a possible overdose at the home of Radeena Monroe. Monroe was later pronounced dead at a hospital. A medical examiner listed a mixed drug intoxication as the potential cause of death. In Monroe's home, officers found nine counterfeit Percocet pills later tested to be fentanyl by the Department of Public Safety Crime Lab. A Detective extracted several text messages from Monroe's cellular phone between her and "Jimbo," who was later identified as Neel. In the messages, Neel offered to get Monroe 10 fentanyl pills for $10 each from a third party, and they settled on her paying $80 for the 10 pills.

¶4        The State charged Neel with Count I, Sale or Transportation of Narcotic Drugs (fentanyl), a Class 2 felony; Count II, Use of a Wire Communication or Electronic Communication in a Drug-Related Transaction, a Class 4 felony; and Count III, Theft of Means of Transportation, a Class 3 felony. *See* Arizona Revised Statutes ("A.R.S.") §§ 13-3408(A)(7), -3417, -1814(A)(2).

¶5        Neel did not testify or present any evidence during the two-day trial. A jury found Neel guilty of Counts I and II and not guilty of Count III. The jury also found the State did not prove its sentence enhancements, where it alleged Neel had committed Counts I and II for pecuniary gain. During sentencing proceedings, the superior court found Neel had two historical felony convictions and sentenced him to mitigated concurrent terms of 10.5-years' and six years' imprisonment for Counts I and II, respectively, with 711 days of pre-incarceration credit for each count. The court also imposed a fine of $2,000 plus 78% in surcharges, victim rights assessments totaling $11, a penalty assessment of $13, a probation surcharge of $20, and a public defender assessment of $25 and $300 trial fee. Neel timely appealed.

¶6        The record shows that Neel was represented by counsel at all stages of the proceedings and that counsel was present at all critical stages. The record contains substantial evidence supporting the verdicts. The sentences imposed were within statutory limits. The award of presentence incarceration credit was accurate. And in all other respects, from the record presented, all proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure.

¶7        This court has read and considered counsel's brief and has searched the record provided for reversible error and has found none. *Leon*, 104 Ariz. at 300; *State v. Clark*, 196 Ariz. 530, 537 ¶ 30 (App. 1999). Accordingly, Neel's convictions and resulting sentences are affirmed.

¶8        Upon the filing of this decision, counsel is directed to inform Neel of the status of the appeal and of his future options. Defense counsel has no further obligations unless, upon review, counsel identifies an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Neel shall have 30 days from the date of this decision to proceed, if he desires, with a pro se motion for reconsideration or petition for review.

