NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

EMMANUEL VARGAS, *Appellant.*

No. 1 CA-CR 22-0327
FILED 7-18-2023

Appeal from the Superior Court in Maricopa County
No. CR2020-138971-001
The Honorable Eartha K. Washington, *Judge Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Jesse Finn Turner
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Anni Hill Foster delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Randall M. Howe joined.

---

**F O S T E R**, Judge:

¶1 This is an appeal under *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for Defendant Emmanuel Vargas has advised this Court that he found no arguable questions of law and asks us to search the record for fundamental error. Vargas was charged with aggravated assault, a class 3 dangerous domestic violence offense and misconduct involving weapons, a class 4 felony. The State later dropped the misconduct charge, and Vargas was convicted for aggravated assault. Vargas was provided an opportunity to file a supplemental brief *in propria persona*, but he has not exercised this opportunity. After reviewing the record, this Court concludes there is no reversible error. *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). Accordingly, Vargas' conviction, resulting prison sentence and restitution fees are affirmed.

**FACTS AND PROCEDURAL HISTORY**

¶2 This Court views the facts in the light most favorable to sustaining the judgment and resolves all reasonable inferences against Vargas. *See State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

¶3 In October 2020, the victim (hereinafter, "P.V.") and Vargas were living in the same home. P.V. is Vargas' stepmother. One morning during breakfast, P.V. and Vargas had an altercation where Vargas wielded a firearm, pointed it at P.V. and pulled the trigger; the gun did not fire. Following the altercation, P.V. left the home and arrived at her workplace crying and unable to speak. After P.V. calmed down, she recounted the incident to her manager, Brenda Diaz, who reported the incident to police.

¶4 At trial, P.V. and Diaz testified to the circumstances surrounding the alleged event. Two police officers who responded to the incident also testified to the circumstances around the confrontation. A peace officer interviewed P.V. at her workplace then went to the home shared by P.V., Vargas and Vargas' father, Jaime Vargas-Juarez. Upon officers' arrival at the home, Vargas ran inside. The officers spent over an hour trying to get Vargas to come out. Vargas eventually did so peacefully.

One of the officers testified that he obtained consent from Jaime Vargas-Juarez to search the home for the gun. The gun was located in a small bag in a kitchen cabinet; the search was recorded on camera and played for the jury. When officers found the gun, a magazine and ammunition were in the firearm, but it could not fire because no round was in the chamber.

¶5        Vargas did not appear on the first day of trial. When the court inquired as to his whereabouts, Vargas' counsel informed the court that "[h]e just doesn't want to be here." The court ruled the trial would proceed *in absentia*, or without him, and jury selection proceeded without issue. After hearing testimony and dismissing the defense's directed verdict motion, both the State and the defense rested. The next day, however, Vargas elected to reopen the trial so he could testify on his own behalf. Before his testimony, the State and defense counsel argued whether the State could question him about two prior felony convictions; during that argument Vargas confirmed he had two prior felonies. The court ruled the State could impeach Vargas with two prior felony convictions under Arizona Rule of Evidence 609.

¶6        Vargas rested after testifying and the parties agreed to the jury instructions. The jury convicted Vargas of aggravated assault with a deadly weapon. The superior court conducted the sentencing hearing in compliance with Vargas' constitutional rights and Arizona Rule of Criminal Procedure 26. After an appropriate colloquy, the court found Vargas' admission of two prior felony convictions was made knowingly, intelligently and voluntarily. The court also found there was a factual basis for the admission and the court accepted the admission. After weighing aggravating and mitigating factors, including one historical felony conviction, the court sentenced Vargas to the presumptive term of 11.25 years with credit for 81 days' time served. The court imposed statutory fees in the total amount of $234.

**DISCUSSION**

¶7        This Court views the facts from the trial record in the light most favorable to sustaining the conviction; Vargas' convictions and sentence are reviewed for fundamental error. *State v. Flores*, 227 Ariz. 509, 512, ¶ 12 (App. 2011); *State v. Harm*, 236 Ariz. 402, 404, n.2 (App. 2015). Counsel for Vargas has advised the Court that after a diligent search of the entire record, counsel has found no arguable question of law. Vargas was provided the opportunity to submit a supplemental brief but failed to do so. This Court has considered counsel's brief and carefully reviewed the

entire record for reversible error. *See Clark*, 196 Ariz. at 537, ¶ 30. This Court identified none.

**¶8**         The record reflects all proceedings complied with the Arizona Rules of Criminal Procedure as well as Vargas' statutory and constitutional rights. Vargas was represented by counsel at all critical stages, and his presence on the first day of trial was voluntarily waived. *See* Ariz. R. Crim. P. 9.1; *State v. Fristoe*, 135 Ariz. 25, 34 (App. 1982) ("a defendant may waive his right to be present at any proceeding by voluntarily absenting himself from it"). The superior court permitted Vargas to speak at sentencing and imposed a sentence within the statutory limits, with proper credit for time in custody. It also stated on the record the factors it considered in imposing the sentence.

## CONCLUSION

**¶9**         For the foregoing reasons, this Court affirms Vargas' conviction and sentence. Upon the filing of this decision, defense counsel shall inform Vargas of the status of the appeal and his future options. Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Vargas shall have 30 days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:    AA