NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

SARAH LOPEZ, *Appellant.*

No. 1 CA-CR 24-0551

FILED 07-22-2025

Appeal from the Superior Court in Mohave County
No. S8015CR202301044
The Honorable Billy K. Sipe, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Janelle A. McEachern, Attorney at Law, Chandler
By Janelle A. McEachern
*Counsel for Appellant*

—————————————————

**MEMORANDUM DECISION**

Vice Chief Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Michael S. Catlett and Judge Daniel J. Kiley joined.

—————————————————

**W E I N Z W E I G**, Vice Chief Judge:

¶1          Sarah Shanesse Lopez appeals her convictions and sentences for aggravated assault (a class 5 felony), resisting arrest (a class 6 felony), and failure to show driver's license or identification (a class 2 misdemeanor).  After searching the record and finding no arguable, non-frivolous question of law, Lopez's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), asking this court to search the record for fundamental error.  Lopez had an opportunity to file a supplemental brief but did not.  We affirm.

**FACTS AND PROCEDURAL BACKGROUND**[1]

¶2          Sergeant Franklin Luttrell (the "Sergeant") pulled Lopez over for a traffic violation in September 2023.  Lopez raised her voice and argued with the Sergeant.  The Sergeant asked Lopez more than once for her license and registration.  Lopez refused to provide either form of identification. The Sergeant asked Lopez to exit the vehicle and warned she would be arrested if she did not comply.  Lopez did not exit the vehicle.  After 12 minutes, the Sergeant radioed for help.  Deputy Nathan Rosenblum (the "Deputy") arrived at the scene, and Lopez argued with both officers.  The Deputy was able to handcuff Lopez's right arm, but she would not let him handcuff her left arm.  Lopez later exited the vehicle and kicked the Sergeant in his belt area.

¶3          Lopez was indicted on four counts—counts one and two for aggravated assault, count three for resisting arrest and count four for failure to show driver's license or identification.  Count two was dismissed with prejudice before jury selection.  Defense counsel moved for a directed

_____

[1]     "We view the facts in the light most favorable to sustaining the convictions with all reasonable inferences resolved against the defendant." *State v. Harm*, 236 Ariz. 402, 404 n.2 (App. 2015) (quoting *State v. Valencia*, 186 Ariz. 493, 495 (App. 1996)).

verdict of acquittal. *See* Ariz. R. Crim. P. 20. Defense counsel also moved for a new trial under Rule 24.1. *See* Ariz. R. Crim. P. 24.1. Both motions were denied.

¶4         The jury convicted Lopez of aggravated assault and resisting arrest. Lopez was also found guilty of failure to show her driver's license or other identification. Lopez was sentenced as a non-dangerous, non-repetitive offender to serve consecutive sentences of six months for aggravated assault and four months for resisting arrest. Lopez timely appealed. We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1), 13-4031 and -4033(A)(1).

## DISCUSSION

¶5         We have read and considered counsel's brief and have reviewed the record for reversible error. *See Leon*, 104 Ariz. at 300. We find none.

¶6         Lopez was present and represented by counsel at all stages of the proceedings against her except a pretrial conference where the court waived her presence. The record shows the superior court afforded Lopez all her constitutional and statutory rights, and the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure. The court conducted appropriate pretrial hearings. The evidence presented at trial (summarized above) was sufficient to support the verdicts. And Lopez's sentences were within the range prescribed by law. *See* A.R.S. §§ 13-702, -707.

¶7         We note that Lopez spent only one day in jail before sentencing, but the court credited her with two days' presentence incarceration. We lack jurisdiction to correct Lopez's presentence incarceration, however, because the State did not cross-appeal. *See State v. Garcia*, 256 Ariz. 488, 494, ¶ 28 (App. 2023) (vacated in part on other grounds).

## CONCLUSION

¶8         Lopez's convictions and sentences are affirmed. Counsel's obligations in this appeal will end once Lopez is informed of the outcome and her future options, unless counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State*

*v. Shattuck*, 140 Ariz. 582, 584–85 (1984).  On the court's own motion, Lopez has 30 days from the date of this decision to proceed with a pro se motion for reconsideration or petition for review.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:               JR